998 P.2d 336 (2000)
100 Wash.App. 336
In re the Detention of John H. MATHERS, Appellant,
v.
STATE of Washington, Respondent.
No. 24280-0-II.
Court of Appeals of Washington, Division 2.
March 31, 2000.
Publication Ordered April 21, 2000.
Gregory Prosser Canova, Assistant Attorney General, Todd Richard Bowers, Attorney General's Office, Seattle, for Respondent.
John L. Cross, Ronald D. Ness & Associates (Court Appointed), Port Orchard, for Appellant.
*337 ARMSTRONG, A.C.J.
John H. Mathers, involuntarily committed under the sexually violent predator statute, was scheduled, one year after commitment, for trial on the question of a less restrictive alternative to confinement.[1] Neither the State's expert nor Mathers' expert recommended a less restrictive alternative. But Mathers' expert did recommend that he receive treatment in the community while still confined at the Special Commitment Center (SCC). The trial court granted the State's motion for summary judgment on the issue of a less restrictive alternative to confinement. On appeal, Mathers argues that summary judgment is not appropriate under RCW 71.09 and, even if it is, an issue of material fact exists as to whether Mathers' plan is a less restrictive alternative to total confinement. The statute, however, allows only two alternatives to commitment, either conditional release to a less restrictive alternative or unconditional discharge. Because the alternative proposed by Mathers is not authorized by the statute, we affirm.

FACTS
In July 1997, John H. Mathers was involuntarily committed as a sexually violent predator under RCW 71.09.060. The State's expert, Roger Wolfe, diagnosed Paraphilia Not Otherwise Specified: Rape, and an Antisocial Personality Disorder. And these disorders, according to Wolfe, made Mathers likely to engage in future acts of sexual violence.
One year later a trial was scheduled "on the question of a less restrictive alternative to confinement." The State waived the right to a show cause hearing.[2] The 1998 Department of Social and Health Services annual report, written by psychologist Vincent Gollogly, concluded that: 1) Mathers' disorders persisted; 2) Mathers should remain in a secure placement; and, 3) Mathers should not be released to a less restrictive alternative. Contrary to Dr. Gollogly's conclusions, psychologist Mark Whitehill discerned improvement in Mathers' condition and opined that community-based treatment would accelerate his improvement. Whitehill conceded that Mathers "does not presently seek an LRA [less restrictive alternative] as an alternative to confinement at SCC."
The State moved for summary judgment, arguing that there was no genuine issue of material fact as to a less restrictive alternative to confinement. The trial court granted the motion.

ANALYSIS
The principal question is whether Mathers' plan to get community treatment while confined in the SCC is authorized by the statute. Mathers contends that community-based treatment is not prohibited by the statute and that it would best serve his interests. The State asserts that Mathers' proposal is simply not allowed by the clear language of the statute. We agree with the State.
RCW 71.09.090(2) authorizes a person committed under chapter 71.09 to petition the court for "conditional release to a less restrictive alternative or unconditional discharge." The phrase "less restrictive alternative" clearly refers to the level of confinement, not treatment. Thus, a person is either totally confined in the SCC, released to a less restrictive confinement in the community, or unconditionally released. Mathers' plan attempts to mix total confinement in the SCC with a conditional release to the community. This is not possible under the statute.
Moreover, RCW 71.09.092 lists what the court must find before it enters an order allowing a less restrictive alternative for a "conditionally released" person. These include housing "sufficiently secure to protect the community" provided by a person who has "agreed ... to accept the [involuntarily committed] person" and report to the superintendent of the SCC if the person "leaves the housing to which he or she has been assigned without authorization." RCW 71.09.092.
*338 The phrases "conditionally released," "accept the person," and "leaves the housing to which he or she has been assigned" clearly contemplate that a person who qualifies for a less restrictive alternative will be housed in the community, not the SCC. Mathers' proposed option of remaining at the SCC but being released on a less restrictive alternative for treatment in the community is not allowed under RCW 71.09.

Summary Judgment
Mathers contends that summary judgment is inappropriate in RCW 71.09 proceedings. Mathers reasons that because a summary judgment motion requires the non-moving party to produce evidence in response to the motion, it shifts the burden of proof. And this, according to Mathers, is inconsistent with the "heightened procedural protections" afforded persons committed under RCW 71.09.
In general, a person committed under RCW 71.09 is entitled to an evaluation of his mental condition at least once every year. RCW 71.09.070. Under RCW 71.09.090(2), a committed individual may petition the court for a conditional release to a less restrictive alternative or an unconditional discharge. Here, the original order of commitment waived the requirement for a show cause hearing under RCW 71.09.090(2) and granted Mathers:
[T]he right to a hearing to determine whether his mental abnormality and personality disorder remain such that he is likely to engage in predatory acts of sexual violence if conditionally released to a less restrictive alternative or unconditionally discharged. At said hearing the Petitioner will bear the burden of proof beyond a reasonable doubt and the Respondent will enjoy all constitutional and procedural protections defined in RCW 71.09.090(2).....
Trial on the question of a less restrictive alternative to confinement is scheduled for Sept. 28, 1998.
RCW 71.09 is a civil statute.[3]In re Personal Restraint of Young, 122 Wash.2d 1, 23, 857 P.2d 989 (1993). And CR 56 governs summary judgment procedure for civil cases. The only exception to applying the civil rules is contained in CR 81: "[E]xcept where inconsistent with the rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." CR 81(a). Proceedings under RCW 71.09 are special proceedings within the meaning of CR 81. In re Detention of Aguilar, 77 Wash.App. 596, 600, 892 P.2d 1091 (1995). Thus, the question becomes whether any part of RCW 71.09 is inconsistent with the civil rules.
Mathers cites no authority for his argument that a heightened burden of proof, beyond a reasonable doubt, removes the case from the civil rules. And, courts have applied the summary judgment procedure in other civil contexts where a higher standard of proof is required. See Island County v. State, 135 Wash.2d 141, 146, 955 P.2d 377 (1998) (when a statute is challenged as unconstitutional, the burden is on the party challenging the statute to prove its unconstitutionality beyond a reasonable doubt).
More importantly, RCW 71.09.094 allows the trial court to test the legal sufficiency of the evidence at the conclusion of a less restrictive alternative hearing. If "there is no legally sufficient evidentiary basis," the court "shall grant a motion by the state for a judgment as a matter of law on the issue of conditional release to a less restrictive alternative." RCW 71.09.094(1). If the court can test the legal sufficiency of the evidence and take the case from the jury after both sides have presented evidence, it can surely test the sufficiency of the evidence before the hearing. We hold that summary judgment procedure is appropriate in an RCW 71.09.090 hearing.
Affirmed.
MORGAN, J., and BRIDGEWATER, J., concur.
NOTES
[1] RCW 71.09.070.
[2] RCW 71.09.090(2).
[3] "In sum, we conclude that the sexually violent predator Statute is civil, not criminal, in nature. The language and history of the Statute so indicate, as do its purposes and effect." In re Young, 122 Wash.2d at 23, 857 P.2d 989.