60 P.3d 620 (2002)
114 Wash.App. 739
In re the Detention of Ricardo CAPELLO, Appellant,
v.
STATE of Washington, Respondent.
No. 49186-5-I.
Court of Appeals of Washington, Division 1.
December 30, 2002.
*621 Daniel Gross, Edmonds, WA, for Appellant.
*622 Dana Cashman, Carla Carlstrom, Brooke Burbank, David Hackett, King County Prosecutor's Office, Seattle, WA, for Respondent.
SCHINDLER, J.
Ricardo Capello appeals the order determining there is probable cause to detain him for evaluation as a sexually violent predator. He argues that the hearing held pursuant to RCW 71.09.040(2) was not timely. Capello also argues that, by filing a petition to commit him as a sexually violent predator, the State breached its plea agreement with him because, if committed, he will be deprived of the community placement portion of his sentence.
We conclude that the Civil Rules apply to the computation of time under RCW 71.09.040(2), that the 72-hour period within which the hearing under that statute must be held commences when the arrest warrant is served on the respondent, and that Capello's hearing was timely. We further find that the State did not breach its plea agreement because a commitment tolls the mandatory period of community placement. We affirm.

FACTS
In 1991, the State charged Capello with first degree rape and first degree kidnapping with sexual motivation. Capello entered an Alford[1] plea to the kidnapping charge and the State dismissed the rape charge. Pursuant to the plea agreement, he was sentenced to 144 months of incarceration and 12 months of community placement. As Capello neared the end of his prison term, he sought release to community custody in lieu of earned early release. The Department of Corrections (DOC) informed Capello that, in order to be released to community placement, he would have to provide a preapproved residence location and living arrangement, even though the sentencing court decided not to impose this requirement as a condition of Capello's community placement. Capello filed a personal restraint petition (PRP) seeking review of DOC's denial of his request for release to community custody.
While Capello's PRP was pending and pursuant to RCW 71.09.025(1)(a), DOC referred Capello to the prosecuting attorney to consider whether he met the sexually violent predator criteria as defined in RCW 71.09.020(1). On June 4, 2001, this court granted Capello's PRP, holding that DOC did not have the authority to impose the preapproved residence and living arrangement requirement on Capello.[2] On June 28, the prosecuting attorney filed a petition pursuant to RCW 71.09.030 alleging that Capello is a sexually violent predator as defined in RCW 71.09.020(1) and sought an order to determine the existence of probable cause and the issuance of a warrant for Capello's custodial detention for evaluation. The trial court reviewed the petition and determined "that probable cause exists to believe that the respondent Ricardo Capello is a `sexually violent predator' as alleged in the petition herein".[3] The court ordered the Clerk of the Superior Court to "immediately issue a no bail warrant of arrest, returnable forthwith, for the custodial detention" of Capello.[4] The court further ordered that upon his arrest, Capello:
shall be transferred to the King County Jail in Seattle, Washington to await a probable cause hearing in King County Superior Court, which is to be held, pursuant to RCW 71.09.040(2), within 72 hours of the respondent's arrest on this warrant. Such hearing will take place at 1:30 p.m. on July 2, 2001 before a judge of the King County Superior Court assigned by the court.[5]
The facility at which Capello was incarcerated received the court's order on the afternoon of Thursday, June 28. Capello was served with the warrant at 11:00 a.m. on Friday, June 29. He immediately filed a demand for a timely 72-hour probable cause *623 hearing and requested that the hearing scheduled for 1:30 p.m. on July 2 be rescheduled to an earlier time. The court granted Capello's motion and rescheduled the hearing for 9:00 a.m. on July 2.
The parties agree the hearing began at approximately 9:45 a.m. on Monday, July 2. Although the State was prepared to proceed, Capello's counsel moved for a continuance in order to prepare more fully for the probable cause hearing. The court granted Capello's request and recessed the probable cause hearing until Thursday, July 5. At the July 5 hearing, the court heard various motions, including Capello's motion to vacate the plea agreement on the ground that the State breached it. The court denied this motion. The matter was recessed until 8:30 a.m. on Tuesday, July 31.
At the July 31 hearing, Capello and the State's expert, Dr. Dennis Doran, testified. On August 2, the court heard argument on Capello's motion to dismiss because the probable cause hearing was not timely. The trial court concluded that when a respondent is already in custody, an individual is "taken into custody" under RCW 71.09.040(2), for purposes of determining when the 72-hour period begins, "when the facility at which he is incarcerated receives notice that the court has signed an order on probable cause."[6] Accordingly, the trial court held that Capello's 72-hour period should be calculated beginning the afternoon of Thursday, June 28. The court determined that CR 6(a) applied, that weekends and holidays are excluded from the computation of the 72 hours pursuant to CR 6(a), and that Capello's 72-hour period would therefore have expired the afternoon of Tuesday, July 3. Because the hearing commenced on the morning of July 2, the court concluded it was timely. On August 2, the trial court found there was probable cause to believe that Capello was a sexually violent predator and remanded Capello to the Special Commitment Center for evaluation. A trial was scheduled for September 10 on whether Capello is a sexually violent predator.
Capello sought discretionary review in this court of the trial court's August 2 order. He argues his probable cause hearing was not timely and, by filing the petition to commit him as a sexually violent predator, the State breached its plea agreement. On February 19, 2002, this court granted Capello's motion for discretionary review.

DISCUSSION
Timeliness of Probable Cause Hearing
Appellate review of the trial court's interpretation of a statute is a question of law. Accordingly, we review the issue of whether Capello was afforded a timely hearing under RCW 71.09.040(2) de novo.[7] Pursuant to RCW 71.09.040(1):
Upon the filing of a petition under RCW 71.09.030, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If such determination is made the judge shall direct that the person be taken into custody.[8]
RCW 71.09.040(2) requires that, within 72 hours after a person is taken into custody under the court's order, "the court shall provide the person with notice of, and an opportunity to appear in person at, a hearing to contest probable cause as to whether the person is a sexually violent predator."[9]
Capello's appeal presents two issues: (1) Does CR 6(a) apply to the computation of the 72-hour period within which a probable cause hearing must be held under RCW 71.09.040(2)? (2) When does calculation of the 72-hour period under RCW 71.09.040(2) begin when the respondent is already in custody?
The trial court determined that the 72-hour period begins, with respect to a respondent who is already in custody, when the facility at which the respondent is incarcerated receives notice that the court has signed *624 an order on probable cause. Capello argues the trial court was correct and the calculation of the 72-hour period began on the afternoon of June 28 when DOC received notice of the court's order directing Capello's arrest. The State disagrees with the trial court's conclusion and argues the 72-hour period began when the arrest warrant was served on Capello at 11:00 a.m. on June 29.
If CR 6 does not apply and weekends and holidays are not excluded from the computation of the 72-hour period, then under Capello's argument, the 72-hour period expired on the afternoon of Sunday, July 1 and his July 2 hearing was untimely; under the State's argument, the 72-hour period expired at 11 a.m. on Monday, July 2 and the July 2 hearing was timely.[10] However, if CR 6 applies and weekends and holidays are excluded, then under both Capello's and the State's arguments about when the 72-hour period begins, the hearing was timely.[11] Accordingly, we first address the issue of whether CR 6 applies to the computation of the RCW 71.09.040(2) 72-hour period.
RCW 71.09, the sexually violent predator statute, is civil in nature.[12] The Civil Rules govern proceedings in superior court in all suits of a civil nature except as provided in CR 81.[13] Under CR 81, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings these rules shall govern all civil proceedings."[14] Proceedings under RCW 71.09 are special proceedings within the meaning of CR 81; accordingly, the civil rules govern proceedings under RCW 71.09 only if they are not inconsistent with the statutory proceedings applicable to RCW 71.09.[15]
Under CR 6, in computing any period of time prescribed by an applicable statute, when that period of time is less than 7 days, "intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."[16] There is no authority that addresses whether CR 6 applies to proceedings under RCW 71.09. There are, however, several analogous cases.[17]
In In re Detention of Williams,[18] the issue was whether CR 35, a civil discovery rule that provides for a mental examination of a party when that party's mental condition is in controversy, is inconsistent with the special proceedings under in RCW 71.09. CR 35 allows mental examinations during pre-trial discovery. RCW 71.09.040, on the other hand, only provides for mental evaluations after a person is committed as a sexually violent predator. Because RCW 71.09.040 expressly provides for post-commitment evaluations, but does not address evaluations during pretrial discovery, the Court concluded that CR 35 was inconsistent with RCW 71.09.040 and CR 35, therefore, did not apply to proceedings under RCW 71.09. Accordingly, the Court held that "the mental examination by the State's experts of a person not yet determined to be a sexually violent predator is limited to the evaluation required under RCW 71.09.040(4)."[19]
In In re Detention of Petersen,[20] the Court addressed whether the civil discovery rules are inconsistent with RCW 71.09.090(2), which provides for a show cause hearing on a petition for unconditional discharge or conditional release to a less restrictive alternative. The Court found nothing in the statute that *625 was inconsistent with the civil discovery rules and held that the rules therefore applied to a hearing under RCW 71.09.090(2). Accordingly, the Court held that a person in custody as a sexually violent predator may depose any of the State's expert witnesses and conduct such discovery as permitted by the civil rules when preparing for a show cause hearing under the statute for unconditional discharge or conditional release to a less restrictive alternative.
In In re Detention of Mathers,[21] the issue was whether the CR 56 summary judgment procedure could be used in a hearing under RCW 71.09.090 to determine whether a person involuntarily committed as a sexually violent predator should be conditionally released to a less restrictive alternative or unconditionally discharged. The court noted that RCW 71.09.094 allows the trial court to test the legal sufficiency of the evidence at the conclusion of the less restrictive alternative hearing.[22] The court concluded: "If the court can test the legal sufficiency of the evidence and take the case from the jury after both sides have presented evidence, it can surely test the sufficiency of the evidence before the hearing."[23] Accordingly, the court held that the summary judgment procedure in CR 56 applies to a hearing under RCW 71.09.090.
Cases involving statutes other than those in RCW 71.09 are also helpful.[24] For example, in King County Water Dist. No. 90 v. City of Renton,[25] the court held service of process would be governed by CR 3(a) and RCW 4.16.170 because the Boundary Review Board Act was silent on the issue.
In Canterwood Place, L.P. v. Thande,[26] the issue was whether CR 6 applies to the computation of time for the return date on an unlawful detainer summons issued under RCW 59.12.070. Unlawful detainer proceedings are special proceedings within the meaning of CR 81. Therefore, the rules for unlawful detainer proceedings in RCW Ch. 59 generally prevail over the civil rules. But, the court stated:
Chapter 59 does not contain a complete rule regarding the calculation of days for the purpose of return of service deadlines. There is no method for computing time, nor is there a provision regarding whether the "days" referred to in the statute are business days, court days, or calendar days.[27]
Accordingly, because RCW 59.12.070 was incomplete, the court held that CR 6 applies and Saturdays, Sundays, and legal holidays are excluded from computation of the time for the return date on an unlawful detainer summons.
The court noted several reasons to support its decision. First, the court is required to harmonize statutes and rules so as to give effect to both. Also, the court concluded that applying the method for computation of time in CR 6 is sound public policy because "[l]itigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights."[28] The court noted further:
Courts have a vital interest in maintaining control over the administrative functioning of the litigation process, and computation of time is a fundamental element of that administration. Consistent application of Civil Rule 6 will also lend predictability to the law.[29]
*626 We agree with the policy considerations in Canterwood and conclude that CR 6(a) applies to the computation of time under RCW 71.09.040(2). The statute requires a hearing within 72 hours after a person is taken into custody pursuant to an order issued under RCW 71.09.040(1). Nothing in RCW 71.09.040 or in any other provision of RCW 71.09 addresses how the 72-hour period is to be computed. Like the statutes in Canterwood and King County Water District, RCW 71.09 is incomplete because it is silent on the issue of the computation of time. And, as was the case in Petersen, there is nothing in RCW 71.09 that is inconsistent with CR 6(a)'s directive that, for periods less than 7 days, weekends and holidays are excluded from the computation of the RCW 71.09.040(2) 72-hour period.
We reject Capello's arguments that CR 6(a) does not apply. First, in the case he relies on, In re Estate of Toth,[30] the issue is different. The issue in Toth is whether CR 6(e) applied to extend the time period for contesting a will under RCW 11.24.010 if notice of the will's admission to probate is sent by mail. The applicability of CR 81 was not at issue in that case, nor was the question of whether the civil rules were "inconsistent" with an applicable statute. Rather, the Court held that CR 6(e), by its very language, did not apply to will contests because CR 6(e) is limited to cases in which a party is required to respond within a certain time after being served or notified. The court concluded that CR 6(e) does not apply when the period of time in which the parties are required to respond is triggered by an event other than service of notice on a party.
Relying on the rule of ejusdem generis, Capello also argues that because CR 6(a) applies only to time designated by days, it cannot apply to the RCW 71.09.040(2) deadline designated in hours. Under the rule of ejusdem generis, general words that follow a specific and particular enumeration of persons or things are not to be construed in their widest extent, but rather apply only to persons or things of the same general kind or class as those specifically mentioned.[31] Because CR 6(a) does not contain a particular and specific enumeration of persons or things followed by general words, we conclude the rule of ejusdem generis does not apply.
Capello also argues that weekends and holidays are not excluded from the computation of time under RCW 71.09.040(2) because comparable provisions in other statutes such as RCW 70.96A, 71.05, and 71.34 specifically exclude weekends and holidays. He bases this argument on the principle that where the legislature uses certain language in one instance and dissimilar language in another, a difference in legislative intent is presumed, and the rule of expressio unius est exclusio alterius, under which expression of one thing in a statute implies the exclusion of the other.[32] He also argues that if the court decides that CR 6 applies, the portions of the other statutes, cited above, that specifically provide for the exclusion of weekends and holidays would be rendered superfluous, contrary to the rule of statutory construction that precludes an interpretation that would make portions of a statute superfluous.[33] We find no authority to support Capello's argument that these rules of statutory interpretation apply to these other statutes that are located in different chapters of the RCWs. Rather, the rules of statutory construction apply to the interpretation of a single statute or, at most, a single chapter.[34] For example, in City of Seattle v. State, the Court applied rule that statutes are to be construed so *627 that no portion is rendered superfluous to provisions in one chapter, namely, RCW 19.28.[35] In Whatcom County v. Bellingham, the Court applied the rule to provisions in just one statute, RCW 3.50.800.[36] And, in Stone v. Chelan County Sheriff's Dep't, the Court applied the rule to two statutes within the same chapter, RCW 41.14.[37] We reject Capello's argument that language used or not used in different chapters of the RCW should dictate the proper interpretation of a statute in an unrelated, separate, and distinct chapter.
In summary, we hold that CR 6(a) is not inconsistent with a rule or statute applicable to the probable cause hearing required by RCW 71.09.040(2). Pursuant to CR 81, CR 6(a) applies to the computation of the 72-hour period within which the RCW 71.09.040(2) probable cause hearing must be held. Under CR 6(a), Saturdays, Sundays, and legal holidays are excluded from the computation of the 72-hour period. Capello's probable cause hearing was timely.[38]
Because we conclude CR 6(a) applies, Capello's hearing was timely under both his and the State's arguments about when the 72-hour period begins, and we do not need to address when the 72-hour beginswhen the institution receives notice of the order determining the existence of probable cause and the warrant for custodial detention or when the order determining the existence of probable cause and the warrant are served on the respondent. However, because there is no case law on the issue and because courts and parties are entitled to an objective, readily ascertainable, and predictable point at which they know the period begins, we address this issue.
RCW 71.09.040(2) provides:
Within seventy-two hours after a person is taken into custody pursuant to subsection (1) of this section, the court shall provide the person with notice of, and an opportunity to appear in person at, a hearing to contest probable cause as to whether the person is a sexually violent predator.[39]
Subsection (1) provides:
Upon the filing of a petition under RCW 71.09.030, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If such determination is made the judge shall direct that the person be taken into custody.[40]
Although under the sexually violent predator statutory scheme, an individual is typically in custody, neither RCW 71.09.040 nor any other provision addresses when a person is "taken into custody pursuant to subsection (1)" when that person is already in custody. Thus, with respect to Capello who is already in custody when the State initiates commitment proceedings under RCW 71.09, it is unclear from the language of the statute at what point the 72-hour period within which a probable cause hearing must be held begins.
Capello argues that the trial court correctly decided that the 72-hour period begins when the facility at which the respondent is incarcerated receives notice that the court has signed an order on probable cause. The State argues that the 72-hour period begins when the arrest warrant is served on the incarcerated respondent. We agree with the State.
Using the date and time of service as the point to begin calculating the 72-hour period provides an objective and more precise means to determine the start of the period. The date and time can be readily ascertained. By contrast, using Capello's method, a subjective standard is required and the date and time could vary from one case to another depending on the means by which notice is *628 provided and how soon after transmittal of the order on probable cause it is seen or received by an appropriate official at the facility and acted on. Capello's approach lends itself to inconsistencies and uncertainty in determining when the 72-hour period begins. Using the date and time of service of the arrest warrant as the beginning of the 72-hour period is a more certain method and ensures that the respondent receives notice of the arrest warrant and the maximum amount of time to prepare for the probable cause hearing. We believe the better approach to ascertain when to begin the calculation of the RCW 71.09.040(2) 72-hour period is when the incarcerated respondent is properly served with the initial order determining probable cause and the warrant for custodial detention.
Plea Agreement
Capello argues the State breached its plea agreement with him when it filed a petition to commit him as a sexually violent predator because, by filing the petition, the State deprived him of community placement which was a part of the plea agreement. We hold the State did not breach the plea agreement.
The State's decision to file the petition under RCW 71.09 did not eliminate the community placement portion of Capello's sentence. Rather, his period of community placement will be tolled while he is in confinement.[41] The filing of the petition does not breach the plea agreement with respect to community placement.[42]
Moreover, community placement was a mandatory condition of Capello's sentence for a sex offense; it was not an optional provision that the State had the choice to recommend or not recommend.[43] Because the State had no discretion as to this part of Capello's sentence, it was not in a position to negotiate about community placement as part of the plea.[44] Community placement was, therefore, not a "promise" made by the State.

CONCLUSION
We hold that CR 6(a) applies to the computation of the 72-hour period within which a probable cause hearing must be held under RCW 71.09.040(2), and the 72-hour period begins when the arrest warrant is served on the incarcerated respondent. The probable cause hearing on the order to commit Capello was timely. We further hold that the State did not breach Capello's plea agreement. Accordingly, we affirm.
WE CONCUR: COX, A.C.J., BAKER, J.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] In re Personal Restraint of Capello, 106 Wash.App. 576, 24 P.3d 1074, rev. denied, 145 Wash.2d 1006, 37 P.3d 292 (2001).
[3] CP 47.
[4] CP 47.
[5] CP 47.
[6] RP Aug. 2 at 156.
[7] In re Detention of Williams, 147 Wash.2d 476, 486, 55 P.3d 597 (2002).
[8] RCW 71.09.040(1).
[9] RCW 71.09.040(2).
[10] As previously noted, it is undisputed that the hearing began at 9:45 a.m. on that day.
[11] That is, if weekends and holidays are excluded under Capello's argument, the 72-hour period expired on the afternoon of Tuesday, July 3; under the State's argument, the 72-hour period expired at 11 a.m. on Thursday, July 5.
[12] In re Detention of Williams, 147 Wash.2d at 488, 55 P.3d 597.
[13] CR 1.
[14] CR 81(a).
[15] In re Detention of Williams, 147 Wash.2d at 488, 55 P.3d 597.
[16] CR 6(a).
[17] In re Detention of Williams, 147 Wash.2d 476, 55 P.3d 597; In re Detention of Petersen, 145 Wash.2d 789, 42 P.3d 952 (2002); In re Detention of Mathers, 100 Wash.App. 336, 998 P.2d 336 (2000).
[18] 147 Wash.2d 476, 55 P.3d 597.
[19] Id. at 491, 55 P.3d 597.
[20] 145 Wash.2d 789, 42 P.3d 952.
[21] 100 Wash.App. 336, 998 P.2d 336.
[22] Under the statute, if the court finds that there is no legally sufficient evidentiary basis, the court must grant a motion by the State for judgment as a matter of law on the issue of conditional release to a less restrictive alternative.
[23] Id., 100 Wash.App. at 341, 998 P.2d 336.
[24] King County Water Dist. No. 90 v. City of Renton, 88 Wash.App. 214, 944 P.2d 1067 (1997); Canterwood Place, L.P. v. Thande, 106 Wash.App. 844, 25 P.3d 495 (2001).
[25] 88 Wash.App. at 214, 944 P.2d 1067 (1997).
[26] 106 Wash.App. at 844, 25 P.3d 495 (2001).
[27] Id., 106 Wash.App. at 848, 25 P.3d 495.
[28] (Internal quotations omitted.) Id. at 849, 25 P.3d 495.
[29] Id. at 849-50, 25 P.3d 495.
[30] 138 Wash.2d 650, 981 P.2d 439 (1999).
[31] Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 808, 16 P.3d 583 (2001).
[32] See Millay v. Cam, 135 Wash.2d 193, 202, 955 P.2d 791 (1998); see also State v. M.R.C., 98 Wash.App. 52, 58, 989 P.2d 93 (1999) (where a statute designates the things upon which it operates, an inference arises that things omitted were intentionally omitted).
[33] See City of Seattle v. State, 136 Wash.2d 693, 701, 965 P.2d 619 (1998) (statutes must be construed to give effect to all the language used, with no portion rendered meaningless or superfluous).
[34] Each provision of a statute "should be read in relation to the other provisions, and the statute should be construed as a whole." Weyerhaeuser Co. v. Tri, 117 Wash.2d 128, 133, 814 P.2d 629 (1991).
[35] City of Seattle, 136 Wash.2d at 701, 965 P.2d 619.
[36] 128 Wash.2d 537, 546-47, 909 P.2d 1303 (1996).
[37] 110 Wash.2d 806, 810, 756 P.2d 736 (1988).
[38] Because we hold that Capello's probable cause hearing was timely, we do not address his argument that the untimely hearing deprived him of his right to due process of law.
[39] RCW 71.09.040(2).
[40] RCW 71.09.040(1).
[41] See RCW 9.94A.170(2) (1991) ("Any period of supervision shall be tolled during any period of time the offender is in confinement for any reason.)." We reject Capello's argument that this provision does not apply to his confinement pursuant to RCW 71.09. The plain language of the statute indicates that it applies to confinement for any reason. And, the definition of "total confinement" in RCW 9.94A.030 includes confinement pursuant to an order directing a respondent's involuntary commitment as a sexually violent predator.
[42] Also, "[f]uture civil commitment proceedings under chapter 71.09 RCW are collateral, not direct consequences of a plea." In re Detention of Abolafya, 56 P.3d 608, 612 (Wash.App. Div. I 2002).
[43] See RCW 9.94A.120(8)(b) (1991).
[44] Even though, as Capello argues, there is a handwritten "X" next to the community placement provision in the State's sentence recommendation, that provision, unlike the others on the page, does not contain a box in front of it where the State could indicate, by a check mark or an "X," that it was choosing that particular provision.