[No. 6394. Decided October 24, 1906.]

I. P. CALLISON, *Respondent*, v. MARY R. SMITH, *Appellant*.[1]

TAXATION—FORECLOSURE—SUMMONS. A summons for publication in a tax foreclosure proceeding which clearly states the time for apperance, nature and purpose of the action, and complies with the statute in all particulars except to omit the alternative demand that defendants appear "or pay the amount due," is sufficient to confer jurisdiction to enter a default judgment.

SAME—JUDGMENT—AMOUNT OF TAX. The fact that a tax judgment against real property includes $2.40 personal taxes, not lawfully assessed on the real estate, will not invalidate a judgment where the defendants were legally served and failed to appear and contest the matter in the foreclosure action.

TAXATION—FORECLOSURE—PUBLICATION OF SUMMONS. Upon the publication of a tax foreclosure summons, proof made by a man of the same name as plaintiff will not be presumed to be made by the

[1]Reported in 87 Pac. 120.

plaintiff, especially when to do so would question the jurisdiction of the trial court.

SAME.  A summons for publication in a tax foreclosure may be published in a paper owned by the plaintiff, and proof of publication made by the plaintiff as owner of the paper would not be void.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered March 26, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a tax lien. Affirmed.

*Forney & Ponder,* for appellant.

*Maurice A. Langhorne,* for respondent.

CROW, J.—Action by the plaintiff, I. P. Callison, against the defendants, Zack Cole and Mary R. Smith, to foreclose a delinquent tax certificate.  Service was made by publishing in the "People's Advocate," a newspaper of general circulation in Lewis county, a summons which, omitting the caption, reads as follows:

"You are hereby summoned to appear within sixty days after the date of the first publication of this summons, exclusive of the first day of said publication, which will be on the third day of July, A. D. 1903, and defend the above entitled action in the above entitled court and answer the complaint of the plaintiff and serve a copy of your answer upon the undersigned attorney for the plaintiff at his office below stated, and in case of your failure so to do, judgment will be rendered against you according to the demand of the plaintiff's complaint, which has been filed with the clerk of said court.  This action is brought upon a certificate of delinquency numbered 388, issued on the first day of July, A. D. 1899, for the amount of $22.70 with interest at 15 per cent per annum by the county of Lewis, state of Washington, and now owned and held by the plaintiff herein for delinquent taxes for the years 1897 and 1898 upon the following described real estate situate in the county of Lewis, state of Washington, to-wit:  N. E. ¼ Sec. four (4) township thirteen (13) north, range one (1) west W. M.  Plain-

tiff has also paid taxes on the above described property for the years 1899 and 1900 amounting to $35.88, for which he also seeks payment, which amounts, with interest at 15 per cent per annum, now amount to $85.59, and he now seeks to obtain judgment foreclosing the lien thereof for such taxes and costs and for a sale of said real estate according to law. J. E. Willis, Plaintiff's Attorney. P. O. address, Chehalis, County of Lewis, State of Washington."

Proof of such publication was made by the affidavit of one I. P. Callison, who deposed that he was the publisher of the People's Advocate, and who, the defendant now claims, is the plaintiff in this action. The defendants failing to appear, a foreclosure decree was entered, and the treasurer of Lewis county, on September 19, 1903, executed and delivered to plaintiff a tax deed for the land. On August 29, 1904, the defendant Mary R. Smith, claiming to be the owner of the property, and being a nonresident of the state of Washington, filed her motion and petition to vacate the judgment and sale. The trial judge entered a judgment dismissing this petition, and the defendant Mary R. Smith has appealed.

No statement of facts has been brought to this court, and the only question now before us is whether the findings made by the trial court sustained the judgment. The findings show that the only service made was by publication of the summons above set forth. 3 Bal. Code, § 1751, Laws 1901, p. 384, with other requirements, provides that the summons shall direct the defendant "to appear within sixty days after the date of the first publication . . . and defend the action or *pay the amount due.*" The summons herein contains no alternative direction to the defendants to "pay the amount due," and the appellant contends that it is void by reason of such omission. This court has held that, in proceedings to foreclose a tax certificate, a publication summons directing a defendant to appear and defend the action within sixty days after the service of the summons was void under the requirements of the above section. *Thompson v.*

*Robbins*, 32 Wash. 149, 72 Pac. 1043; *Smith v. White*, 32 Wash. 414, 73 Pac. 480; *Young v. Droz*, 38 Wash. 648, 80 Pac. 810; *Dolan v. Jones*, 37 Wash. 176, 79 Pac. 640; *Owen v. Owen*, 41 Wash. 642, 84 Pac. 606. The appellant has cited *Thompson v. Robbins, supra,* and insists that it is controlling here; that the statute must be strictly followed in every particular, and that the summons now before us is void. In the cases above mentioned the time within which the defendants were required to appear was not definitely fixed at sixty days after the first publication, as provided by the statute. A plaintiff is entitled to judgment by default only upon failure of a defendant to appear and plead within the statutory time, and it is essential that a specific statement of the exact time for answer be incorporated, so that no misapprehension may arise upon the part of a defendant as to when a plaintiff will enter judgment after nonappearance. A definite time for answering becomes, therefore, an essential part of the process, and this court held that the statute should be strictly followed in that particular.

In the case at bar, the omission complained of does not seem to us to have been one of such vital importance as to prevent the court from acquiring jurisdiction. The summons by its terms has substantially complied with all of the essential provisions of the statute. The defendant is directed to appear and defend within the exact time fixed by the statute, the nature of the action and the relief demanded are both clearly stated, and we fail to understand why the chance omission of the words "or pay the amount due," should avoid the service. Any action would necessarily be terminated should payment of the amount claimed be made before judgment, while a tax foreclosure may be avoided by payment at any time before delivery of a deed. Payment in a proceeding of this character would prevent a foreclosure, and would therefore be one method of defense, which the summons informs the defendant must be made within a definite

and fixed time after the date of the first publication. A defendant, when informed by a summons that he has a definite time within which to appear and defend, would most certainly know that he could, if he so preferred, determine the action by payment of the amount due within that time. How, then, could he be deceived or misled by the failure of the summons to affirmatively advise him of his right to pay? While a plaintiff should endeavor to comply with all the requirements of the statute, we nevertheless conclude that there has been no fatal omission in the summons in this case.

The findings further show that the appellant Mary R. Smith owned the land during and since the years for which the delinquent taxes were levied; that the defendant Zack Cole, being a former owner, still held the record title, and that $2.40 of personal taxes assessed against Zack Cole were charged by the county treasurer, under Bal. Code, § 1748 (P. C. § 8688), against the land and included in the certificate of delinquency, and the judgment entered thereon. The appellant now contends that her real estate was not liable for Cole's personal taxes; that she is therefore entitled to defend as to that item, and that the default judgment should be vacated to enable her to do so. This contention cannot be sustained. *Swanson v. Hoyle*, 32 Wash. 169, 72 Pac. 1011.

The last contention made by appellant is that the summons was not legally served, or, in other words, that it was not legally published. It appears from the record that the affidavit making proof of publication was verified by one I. P. Callison, whose name is identical with that of the respondent in this action. No showing appears to have been made that the I. P. Callison who made the affidavit and I. P. Callison, the respondent, are one and the same person; nor did the court make any finding showing such identity, if it existed. Two different persons might be known by the same name, and we do not think we are justified in presuming that I. P. Callison, the publisher, and I. P. Callison, the respond-

ent, are one and the same person, especially when we would be indulging in such presumption for the sole purpose of questioning the jurisdiction of the trial court. But were we to presume the identity to be as contended by the appellant, the publication would not therefore be void. · We do not know, nor can we presume, that any other paper was published in Lewis county. The statute made it the duty of the plaintiff to publish in some paper in that county, and it may have been necessary to publish in the People's Advocate. Further, there is nothing in the statute prohibiting publication in a paper owned by the respondent.

We find no error in the record, and the judgment is accordingly affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.