25 P.3d 495 (2001)
106 Wash.App. 844
CANTERWOOD PLACE L.P., Appellant,
v.
Grace THANDE, and all other tenants, Respondent.
No. 45908-2-I.
Court of Appeals of Washington, Division 1.
June 25, 2001.
*496 Gerald Robinson, Scott Peterson, Seattle, for Appellant.
John Rongerude, Seattle, for Respondent.
KENNEDY, J.
In this case of first impression, we hold that the method of time computation set forth in Civil Rule 6 providing that "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation[,]" applies to the computation of time for the return date on an unlawful detainer summons issued under RCW 59.12.070. Accordingly, we affirm the trial court's denial of the landlord's motion for an order of default on the unlawful detainer summons in this case.

FACTS
Grace Thande rented a residential unit from Canterwood Place, L.P. (hereinafter "Canterwood"). On Friday, December 10, 1999, at 6:27 p.m., Canterwood caused Ms. Thande to be served with a summons and complaint for unlawful detainer, which stated that Ms. Thande's written response was due no later than 5 p.m., on Thursday, December 16, 1999. Ms. Thande did not respond to the summons.
On December 23, 1999, Canterwood moved for an order of default in the King County Superior Court. The court commissioner denied Canterwood's motion because the summons provided fewer than 6 full days for Ms. Thande's response. On December 29, 1999, the court denied Canterwood's motion for reconsideration, having calculated the statutory minimum of 6 days in terms of six 24-hour days and finding that the summons did not comply with RCW 59.12.070.
Canterwood timely appealed.

DISCUSSION
This case presents an issue of first impression: whether the method of computation of time set forth in Civil Rule 6 applies to the computation of time for the return date on an unlawful detainer summons issued under RCW 59.12.070.
To obtain unlawful detainer jurisdiction, a plaintiff-landlord must prove that the defendant-tenant was properly served with a statutory unlawful detainer summons. Markland v. Wheeldon, 29 Wash.App. 517, 522, 629 P.2d 921 (1981); Kelly v. Schorzman, 3 Wash.App. 908, 912-13, 478 P.2d 769 (1970). Compliance is jurisdictional. Housing Resource Group v. Price, 92 Wash.App. 394, 401, 958 P.2d 327 (1998), review denied, *497 137 Wash.2d 1010, 978 P.2d 1099 (1999). A return date designating the deadline for the tenant's response must be stated on the face of the summons, and the summons must be served so that the return date falls within a window of 6 to 12 days from the date of service: "A summons must be issued as in other cases, returnable at a day designated therein, which shall not be less than six nor more than twelve days from the date of service[.]" RCW 59.12.070.
In 1967, Civil Rule 6 became generally applicable to all civil actions: "These rules govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in rule 81." CR 1. Civil Rule 81 provides:
(a) To What Proceedings Applicable.
Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.
(b) Conflicting Statutes and Rules. Subject to the provisions of section (a) of this rule, these rules supersede all procedural statutes and other rules that may be in conflict.
CR 81; see also Emwright v. King Cy., 96 Wash.2d 538, 637 P.2d 656 (1981) (procedural rules are those necessary to the operation of the courts).
Unlawful detainer actions are special proceedings within the meaning of Civil Rule 81. Kelly v. Powell, 55 Wash.App. 143, 148, 776 P.2d 996 (1989). As such, complete rules in Chapter 59 RCW will generally prevail over the civil rules. However, Chapter 59 does not contain a complete rule regarding the calculation of days for the purpose of return of service deadlines. There is no method for computing time, nor is there a provision regarding whether the "days" referred to in the statute are business days, court days, or calendar days. Instead, the unlawful detainer statute defers to the civil rules to provide the rules of practice: "Except as otherwise provided in this chapter, the provisions of the laws of this state with reference to practice in civil actions are applicable to, and constitute the rules of practice in the proceedings mentioned in this chapter[.]" RCW 59.12.180.
The unlawful detainer statute is in derogation of the common law; thus the court must strictly construe it in favor of the tenant. Housing Auth. v. Terry, 114 Wash.2d 558, 563, 789 P.2d 745 (1990); see also Housing Auth. v. Silva, 94 Wash.App. 731, 734, 972 P.2d 952 (1999); Wilson v. Daniels, 31 Wash.2d 633, 643-44, 198 P.2d 496 (1948). The court must also harmonize statutes and rules so as to give effect to both. State v. Ryan, 103 Wash.2d 165, 178, 691 P.2d 197 (1984). Scott v. Petett, 63 Wash. App. 50, 57, 816 P.2d 1229 (1991). The court has harmonized civil rules with the unlawful detainer statute in prior cases. See Thompson v. Butler, 4 Wash.App. 452, 454, 482 P.2d 791 (1971) (holding that the unlawful detainer statute providing for jury trials was subject to the later-adopted Civil Rule 38 and Civil Rule 39); Kelly, 55 Wash.App. 143, 776 P.2d 996 (construing the 1891 unlawful detainer statute in light of Civil Rule 54(c)).
In this case, the commissioner denied the default motion on the grounds that the summons was invalid because the response period was less than 6 full days when calculated in terms of hours. Fractional days are not a part of the normal method of computing time unless justice so requires. See Pederson v. Moser, 99 Wash.2d 456, 462, 662 P.2d 866 (1983). Thande, requests that we affirm the lower court on different grounds, however, which we may do when the alternative grounds are supported by the record and the law. Reece v. Good Samaritan Hosp., 90 Wash.App. 574, 578, 953 P.2d 117 (1998).
Under RCW 59.12.070, if the return day on a summons were to fall on a Saturday or Sunday, the tenant would have to look to Civil Rule 6 to determine the return deadline. Furthermore, the statute allows a 6-day response period for the tenant, yet there are no 6-day periods without weekends, and the statute contains no provision for the calculation of days. Accordingly, we conclude *498 that RCW 59.12.070 is incomplete, and Civil Rule 6 applies to require that a 6-day summons under that statute must provide a response period that excludes intermediate Saturdays, Sundays and legal holidays.
An unlawful-detainer plaintiff can easily issue a summons that fits the service window provided by RCW 59.12.070 (as computed under the Civil Rule 6 method of computation of time) by using a 7, 8, 9, 10, 11, or 12-day summons. The unlawful detainer statute does not provide a landlord with a right to a 6 calendar day summons; rather RCW 59.12.070 merely provides a service window. Application of Civil Rule 6 as the method of computing time gives effect to both Civil Rule 6 and the statutory service window. Such a construction is particularly appropriate given that the court must strictly construe the unlawful detainer action in favor of the tenant.
Furthermore, applying the Civil Rule 6 method of computation of time when calculating a tenant's response period is sound public policy. Our Supreme Court has stated that it is "a well-accepted premise that `[l]itigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights.'" Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 463, 880 P.2d 25 (1994) (quoting, McMillon v. Budget Plan of Va., 510 F.Supp. 17, 19 (E.D.Va.1980)). Courts have a vital interest in maintaining control over the administrative functioning of the litigation process, and computation of time is a fundamental element of that administration. Consistent application of Civil Rule 6 will also lend predictability to the law.
Finally, justice requires the court to provide tenants with a minimal level of protection. Failing to apply Civil Rule 6 to the time computations here at issue would have the practical effect of leaving some tenants with less than a week and as few as 4 business days to find legal representation and respond to the lawsuit.
For the reasons stated herein, the commissioner's denial of Canterwood's motion for an order of default is affirmed.
COLEMAN, J., and WEBSTER, J., concur.