139 P.3d 379 (2006)
134 Wash.App. 295
Ed L. CHRISTENSEN, Appellant,
v.
Richard A. ELLSWORTH, Respondent.
No. 24373-7-III.
Court of Appeals of Washington, Division 3.
July 25, 2006.
*380 Mark Mumford, Mabbutt & Mumford, Moscow, ID, for for Appellant.
Howard Marshall Neill, Attorney at Law, Pullman, WA, for Respondent.
BROWN, J.
¶ 1 In 1998, Ed Christiansen, pro se, obtained a default order and a writ of restitution in an unlawful detainer action against Richard Ellsworth. In 2004, Mr. Christiansen, still pro se, moved for a default judgment. Mr. Ellsworth moved to dismiss the default order for lack of subject matter jurisdiction under RCW 59.12.030(3). Mr. Christiansen obtained counsel to resist Mr. Ellsworth's motion. Agreeing with Mr. Ellsworth, the trial court reasoned CR 6(a) applied to RCW 59.12.030(3), and Mr. Christiansen failed to follow the statutory wait time. Mr. Christiansen appealed the dismissal. Property possession is undisputed leaving solely damage claims. Because our record is insufficient to invoke subject matter jurisdiction under Canterwood Place v. Thande, 106 Wash.App. 844, 848, 25 P.3d 495 (2001), we affirm.

FACTS
¶ 2 On Friday, July 3, 1998, Ed Christiansen served his tenant, Richard Ellsworth, with a "Notice to Pay Rent or Vacate" within four days by registered and standard mail and posting. Clerk's Papers (CP) at 3. According to the notice, Mr. Ellsworth owed Mr. Christiansen $500 for late rent. On Wednesday, July 8, Mr. Christiansen served and filed an unlawful detainer action. Mr. Ellsworth failed to appear or answer. On July 18, the Whitman County Superior Court entered a writ of restitution and order for default, restoring immediate possession of the property to Mr. Christiansen.
¶ 3 On December 29, 2004, Mr. Christiansen filed a motion for default judgment, based on the 1998 default order. Mr. Ellsworth answered and filed a motion to set aside the order of default under CR 55(c), claiming personal extenuating circumstances prevented him from appearing in the original unlawful detainer action. After a hearing, the court denied Mr. Ellsworth's CR 55(c) motion, but ruled he could challenge the court's jurisdiction to enter the default order.
¶ 4 The court granted Mr. Ellsworth's subsequent motion to dismiss under CR 60. It applied CR 6(a) to the four-day wait time under RCW 59.12.030(3) and .040, excluded the two weekend days, and found, "the suit was commenced before the expiration of 4 days allowed on a notice to pay rent or vacate served by posting a mailing (RCW 59.12.040) and therefore the Court lacked subject matter jurisdiction." CP at 64. Mr. Christiansen appealed.

ANALYSIS
¶ 5 The issue is whether the trial court erred in treating Mr. Ellsworth's motion to *381 vacate the default judgment as a motion to dismiss for lack of subject matter jurisdiction and deciding as a matter of law that suit was commenced outside the time limits provided in RCW 59.12.040. Mr. Christiansen contends he properly complied with the three-day wait time under RCW 59.12.030(3) notwithstanding the time computation requirements of CR 6(a). We disagree with Mr. Christiansen.
¶ 6 Statutory interpretation is a question of law we review de novo. Dep't of Labor & Indus. v. Gongyin, 154 Wash.2d 38, 44, 109 P.3d 816 (2005). The unlawful detainer statute derogates the common law, so we must strictly construe it favoring the tenant. Hous. Auth. v. Terry, 114 Wash.2d 558, 563, 789 P.2d 745 (1990). Our prime construction objective is to "carry out the legislature's intent." Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002). To discern legislative intent, we look to the statute as a whole. The Quadrant Corp. v. Growth Mgmt. Hearings Bd., 154 Wash.2d 224, 239, 110 P.3d 1132 (2005). Further, we must harmonize statutes and rules to give effect to both. State v. Ryan, 103 Wash.2d 165, 178, 691 P.2d 197 (1984).
¶ 7 A tenant unlawfully detains property "when he or she continues in possession. . . after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises . . . [and the request] has remained uncomplied with for the period of three days after service thereof." RCW 59.12.030(3). The statute requires one additional day if service is made by mail. See RCW 59.12.040. Procedural statutory compliance is a jurisdictional prerequisite. Sowers v. Lewis, 49 Wash.2d 891, 894, 307 P.2d 1064 (1957) (citing Little v. Catania, 48 Wash.2d 890, 297 P.2d 255 (1956)).
¶ 8 Here, Mr. Christiansen mailed and posted the notice to pay rent or vacate on Friday, July 3. He filed and served the summons and unlawful detainer and order to show cause on Wednesday, July 8. This notice complies with a plain reading of RCW 59.12.030(3). However, the record does not contain the summons required under RCW 59.12.070 setting a return day not less than 6 nor more than 12 days after the date of service. Further, because no summons is part of this record, we cannot tell if any summons that may have been issued in this case complied with the content requirements of RCW 59.12.080.
¶ 9 Moreover, RCW 59.12.030(3) appears not to contain a complete rule for calculating the specified deadlines, requiring us to read it in conjunction with the statute as a whole. RCW 59.12.030(3) does not indicate whether the "three days" are business days, court days, or calendar days. See Canterwood Place, 106 Wash.App. at 848, 25 P.3d 495. Instead, chapter 59.12 RCW defers to the civil rules to provide the rules of practice: "[T]he provisions of the laws of this state with reference to practice in civil actions are applicable to, and constitute the rules of practice in the proceedings mentioned in this chapter." RCW 59.12.180.
¶ 10 Thus, Mr. Ellsworth argues, the three-day time period under RCW 59.12.030(3) must be calculated with reference to CR 6(a):
In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. . . . When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

CR 6(a) (emphasis added).
¶ 11 In support of this argument, Mr. Ellsworth cites Canterwood Place where Division One of this court found CR 6 applied to the computation of time for the return date on an unlawful detainer summons issued under RCW 59.12.070. Canterwood Place, 106 Wash.App. at 848-50, 25 P.3d 495. The *382 Canterwood Place court determined because RCW 59.12.070 did not provide a method for calculating days, it was "incomplete" and should be resolved with reference to CR 6. Id. at 849, 25 P.3d 495 ("Application of Civil Rule 6 as the method of computing time gives effect to both Civil Rule 6 and the statutory service window.").
¶ 12 Mr. Christiansen argues the civil rules do not apply to the computation of time under RCW 59.12.030(3) because merely giving notice to pay rent or vacate does not constitute a civil action. However, his argument is off-point because possession is no longer in issue. Our focus is whether we have subject matter jurisdiction over the remaining civil damage issues raised in this special proceeding. Possession issues are typically summarily determined in short order, but civil damage is normally determined later and separately under a single statutory summons. Without a summons to review, Mr. Christiansen's burden to show jurisdiction is quite problematic for him.
¶ 13 Nevertheless, the civil rules govern "the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in rule 81." CR 1 (emphasis added). A civil action is commenced by service of a copy of a summons and complaint or by filing a complaint. CR 4. Here, Mr. Christiansen had not formally initiated an action under the civil rules.
¶ 14 The Washington State Supreme Court has decided CR 6(a) is applicable to the statutory time limitations in effect prior to the commencement of a civil action. See Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 465, 880 P.2d 25 (1994) (recognizing, "[m]any civil rules affect litigant behavior prior to the formal commencement of an action"). In Stikes, the Court held CR 6(a) superceded the statutory time period for filing an appeal under the State Environmental Policy Act of 1971 (RCW 58.17.180). Id. The Court excluded Saturdays from the computation of time under the statute under CR 6(a), and reasoned a court's time computation is a purely procedural aspect of a statute of limitations. Id. at 465-66, 880 P.2d 25.
¶ 15 Mr. Christiansen next argues applying CR 6(a) to RCW 59.12.030(3) frustrates the goal of a peaceful resolution to these types of actions under chapter 59.12 RCW. See Josephinium Assocs. v. Kahli, 111 Wash.App. 617, 624, 45 P.3d 627 (2002). However, we must balance this goal against the need to provide a "minimal level of protection" for tenants "[a]pplying the Civil Rule 6 method of computation of time when calculating a tenant's response period is sound public policy." Canterwood Place, 106 Wash. App. at 849, 25 P.3d 495. "`[L]itigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights.'" Stikes Woods Neighborhood Ass'n, 124 Wash.2d at 463, 880 P.2d 25 (quoting McMillon v. Budget Plan of Va., 510 F.Supp. 17, 19 (E.D.Va.1980)). "Courts have a vital interest in maintaining control over the administrative functioning of the litigation process, and computation of time is a fundamental element of that administration. Consistent application of Civil Rule 6 will also lend predictability to the law." See Canterwood Place, 106 Wash.App. at 849-50, 25 P.3d 495.
¶ 16 Failing to apply CR 6(a) to the time computation in RCW 59.12.030(3) has the practical effect of leaving tenants who receive personal service on a Friday, one business or court day to cure a defect or consult counsel. And, a two-day delay for excluding weekends has little prejudicial effect on a landlord. Three-day holiday weekends present an even more difficult problem. Further, "[s]uch a construction is particularly appropriate given that the court must strictly construe the unlawful detainer action in favor of the tenant." See id. at 849, 25 P.3d 495.
¶ 17 While our record does not contain the summons used in this case, the statutory requirements for the summons must be fulfilled for the court to acquire subject matter jurisdiction. Considering our record, when CR 6(a) is applied to RCW 59.12.030(3), Mr. Christiansen failed to persuade us he has satisfied the four-day statutory waiting period before filing the unlawful detainer action. *383 See RCW 59.12.030(3), .040.; CR 6(a). Accordingly, we agree with the trial court's conclusion that it lacked subject matter jurisdiction over the damage issues. We emphasize the issue of possession was apparently settled in 1998, and is not before us now.
¶ 18 In sum, although possession is not the issue here today and no summons is in our record, CR 6(a) applied to the facts in the context of chapter 59.12 RCW's strict statutory scheme required Mr. Christiansen meet the Canterwood Place method of counting days over the 1998 July 4th weekend before proceeding with the bifurcated civil action for damages. Since Mr. Christiansen failed to meet that burden, the trial court did not err.
¶ 19 Affirmed.
WE CONCUR: SWEENEY, C.J., and SCHULTHEIS, J.