158 P.3d 1276 (2007)
Ty TRULY, Respondent,
v.
Carmen HEUFT, Appellant.
No. 57899-5-I.
Court of Appeals of Washington, Division 1.
June 4, 2007.
*1277 Scott R. Peterson, Attorney at Law, Seattle, WA, Gerald Francis Robison, Attorney at Law, Burien, WA, for Appellant.
Michael S. Cullen, Attorney at Law, Everett, WA, for Respondent.
AGID, J.
¶ 1 Ty Truly brought a residential unlawful detainer action against his tenant, Carmen Heuft, for non-payment of rent. His summons stated that Heuft could respond by personally delivering her answer or notice of appearance to his attorney. His summons did not comply with recent amendments to RCW 59.18.365, which allow tenants to respond by mail or facsimile and include a sample summons form listing a tenant's options for responding. Compliance with RCW 59.18.365 is jurisdictional. Although courts have allowed substantial compliance with "form and content" requirements, we hold that making the tenant aware of the ways in which she can answer is a "time and manner" requirement with which courts require strict compliance. And, under the rules of statutory interpretation, allowing a summons to erroneously state that only personal delivery of an answer is acceptable would render the amendment to RCW 59.18.365(1)WA-STANN superfluous. Finally, because courts must strictly construe the unlawful detainer statute in favor of the tenant, we vacate the judgment and remand with instructions to *1278 dismiss the complaint for lack of subject matter jurisdiction.

FACTS
¶ 2 Heuft rented residential premises from Truly. Heuft paid only part of her rent in November 2005 and did not pay any rent in December 2005 or January 2006. On January 10, 2006, Truly gave Heuft statutory notice requiring her to pay rent or vacate. Heuft neither paid nor vacated. On January 17, 2006, Truly had Heuft personally served with the summons and complaint. The language of the summons complied with former RCW 59.18.365,[1] but did not reflect a change in the statute that became effective six months earlier.[2] The July 2005 amendments to the residential unlawful detainer statute require the plaintiff to provide a facsimile number if one is available and allow a defendant to answer or enter notice of appearance by personal delivery, mail, or facsimile.[3] Truly's summons contained a facsimile number but listed only personal delivery as the proper manner for responding and failed to apprise Heuft of her other response options. Heuft timely responded to the summons. A show cause hearing date was set, and notice was mailed to Heuft at her residence. She failed to appear at the hearing and the court entered judgment for Truly, awarding damages for unpaid rent, a writ of restitution directing the sheriff to evict Heuft, and attorney fees. Heuft appeals.

DISCUSSION
¶ 3 When the record consists entirely of written material, we stand in the same position as the trial court and review the record de novo.[4] Here, the issues involve interpreting the procedural requirements of the unlawful detainer statutes. We also review issues of statutory interpretation de novo.[5]
I. Mootness
¶ 4 "`A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.'"[6] Truly argues this case is moot because Heuft is not seeking possession. But Heuft is seeking the right of possession to the extent that she asserts the lower court had no jurisdiction to enter a judgment or writ of restitution depriving her of possession. In Housing Authority of City of Pasco & Franklin County v. Pleasant, Division III of this court held that an unlawful detainer action is not moot simply because the tenant no longer has possession of the premises.[7] There, the court reasoned that when the tenant does not concede the right of possession, she has the right to have the issue determined.[8]
¶ 5 In contrast, Truly relies on our holding in Josephinium Associates v. Kahli that an unlawful detainer action was moot because the tenant vacated the apartment.[9] But the mootness decision is Josephinium was limited to the specific facts of that case. It was not meant to state a general rule that all unlawful detainer cases resulting in the tenant's eviction are mooted on appeal by the tenant's lack of possession. We hold that *1279 Pleasant states the better rule of general applicability: when the tenant contests the right of possession, regardless of her actual physical possession of the property, the issue is not moot.[10] This conclusion is further supported by the Supreme Court's holding in McGary v. Westlake Investors that an unlawful detainer judgment against a lessee does not render an appeal moot where the tenant still has a monetary stake in the action because of the damages awarded and attorney fees incurred.[11]
¶ 6 Here, Heuft argues that the trial court lacked jurisdiction to grant a writ of restitution depriving her of possession and a monetary judgment against her for unpaid rent. Because her right to possession is at issue and she still has a monetary stake in the outcome of this case, we hold her appeal is not moot.
II. Sufficiency of Summons to Confer Jurisdiction
¶ 7 This case presents an issue of first impression: whether a court has jurisdiction to enter judgment in a residential unlawful detainer action when the plaintiff-landlord fails to use RCW 59.18.365's recently amended statutory summons language allowing a defendant-tenant to answer not only by personal delivery but also by mail or facsimile.
¶ 8 The purpose of a summons is to give the defendant notice of the action, the time prescribed by law to answer, and the consequences of failing to respond.[12] In the context of a residential unlawful detainer action, the summons must comply with the RCW 59.18.365 to confer both personal and subject matter jurisdiction.[13] Because the unlawful detainer action is in derogation of the common law, courts must strictly construe it in favor of the tenant.[14] RCW 59.18.365 requires that a plaintiff-landlord include a street address and facsimile number, if there is one, in the summons and states that a defendant-tenant may answer by personal delivery, mail, or facsimile. RCW 59.18.365(3) also provides a sample summons form, which includes the following language:
You can respond to the complaint in writing by delivering a copy of a notice of appearance or answer to your landlord's attorney (or your landlord if there is no attorney) by personal delivery, mailing or facsimile to the address or facsimile number stated below TO BE RECEIVED NO LATER THAN THE DEADLINE STATED ABOVE. Service by facsimile is complete upon successful transmission to the facsimile number, if any, listed in the summons.
¶ 9 Here, the summons Truly used did not tell Heuft that she could answer by any method other than personal delivery, even though it included Truly's attorney's facsimile number. Instead, it read:
YOU CAN RESPOND to the complaint in writing by delivering a copy of a notice of appearance or answer to your landlord's attorney to be received no later than the deadline stated above.
If we strictly construe RCW 59.18.365, Truly's failure to comply with the statutory summons language deprived the court of subject matter jurisdiction over this residential unlawful detainer action.
¶ 10 But Truly contends that his summons was sufficient to confer subject matter jurisdiction because, despite having left out the tenant's alternative methods of responding to the complaint, it substantially complied with RCW 59.18.365. Truly relies on our holding in Sprincin King Street Partners v. Sound Conditioning Club, Inc. that a summons in an unlawful detainer action need only substantially comply with statutory requirements, *1280 meaning it must provide notice with "such particularity and certainty as not to deceive or mislead."[15] In Sprincin, we held that a summons in a commercial unlawful detainer action, which claimed the landlord was seeking only the "fair market value of unpaid rent" when the landlord was actually seeking double damages, substantially complied with the statute and thus conferred jurisdiction.[16] We explained this holding by stating:
Although the description of damages was slightly misleading  because it limited itself to fair market value of unpaid rent  that misstatement is not so vital as to deprive the court of subject matter jurisdiction. . . . [[17]]
¶ 11 Our holding in that commercial unlawful detainer case is in tension with the Washington Supreme Court's holding in Housing Authority v. Terry that a landlord must strictly comply with the notice provisions of the residential unlawful detainer statute in order to confer subject matter jurisdiction on the court.[18]Sprincin does not cite Terry. It relies on Callison v. Cole a foreclosure action holding that omitting the words "or pay the amount due" in a summons did not deprive the court of jurisdiction because the summons substantially complied with the statute's requirement that a defendant be directed to appear and defend or pay the amount due.[19]Terry holds the opposite of Callison, stating that a court lacks jurisdiction over a residential unlawful detainer action when the plaintiff fails to give the defendant notice of the opportunity to correct the situation rather than defend the action.[20]
¶ 12 Sprincin is distinguishable from both Terry and this case because it involves a "form and content" requirement. A footnote in Marsh-McLennan Building, Inc. v. Clapp explains that, before Terry, unlawful detainer cases often distinguished between "time and manner" requirements, with which a summons had to strictly comply, and "form and content" requirements, for which substantial compliance was sufficient.[21] We have required strict compliance with "time and manner" requirements, like provisions governing the number of days a tenant has to cure and answer.[22] In contrast, Sprincin is more appropriately considered a "form and content" case because the summons was sufficient to put the tenant on notice that damages were being sought, even if it did not specify the exact amount in controversy.[23] In Foisy v. Wyman, an earlier "form and content" case, the Washington Supreme Court held that a summons which demanded more monetary damages than the trial court found were actually owed substantially complied with the statute.[24] In support of its holding in Foisy, the court cited a 1930 case to explain the reasoning behind allowing substantial compliance with "form and content" requirements:
[W]e have never adopted the strictest rule of construction as to the form or contents of such notices under our unlawful detainer statutes, chiefly for the reason, doubtless, that the statutes prescribe no form.[[25]]
But the current residential unlawful detainer statute does provide a form for a summons, and that form includes language giving the *1281 tenant the option to answer by mail or facsimile.[26]
¶ 13 Here, the tenant's method of answering, although susceptible of falling into both categories, appears more appropriately to be considered a "manner" requirement. Our previous holdings support the conclusion that "manner" refers not only to how a landlord serves the tenant, but also to how the tenant responds. We have required that landlords correctly inform tenants of how much time they have to pay or vacate before an unlawful detainer complaint is filed[27] and how much time they have to answer a summons.[28] Thus, it follows that we should require landlords to make tenants fully aware not only of the time in which they must answer, but also of their statutory options for the manner in which they may do so.
¶ 14 Further, when interpreting a statute, we must consider the statute as a whole and avoid rendering any section meaningless or superfluous.[29] Truly points to the language of RCW 59.18.365(3) requiring only that "[t]he summons for unlawful detainer actions for tenancies covered by this chapter shall be substantially in the following form." But this does not mean that material sections of a statutory summons can be left out. Although RCW 59.18.365(1) does not include a tenant's options for answering in the list of things that a summons "must contain," it does require the landlord to provide a street address and, if available, a facsimile number "for service of the notice of appearance or answer." This implies that a summons lacking an address or facsimile number would be insufficient to confer subject matter jurisdiction. Consequently, the same must be true where the landlord fails to advise the tenant about how to use the required address and facsimile number. Allowing a landlord to tell his tenant that she may only respond by personal delivery would render the portion of the statute requiring the landlord to provide a street address and facsimile number superfluous.
¶ 15 Finally, we have stated that "justice requires the court to provide tenants with a minimal level of protection."[30] Presumably, the legislature added the alternative response methods to ease the burden of responding for tenants whose landlord may be difficult to personally serve. Allowing a landlord to serve a tenant with a summons that leads the tenant to believe only personal delivery of a response is statutorily acceptable undermines the intent of the legislature to provide additional procedural protections for tenants. Thus, we hold that failure to apprise a tenant of the statutorily acceptable methods of response under RCW 59.18.365 deprives the court of subject matter jurisdiction.
III. Attorney Fees
¶ 16 "Under RAP 18.1, a party may recover reasonable attorney fees and expenses on appeal if applicable law grants the party such right."[31] As the prevailing party, Heuft claims that she is entitled to attorney fees under a provision of the lease. Heuft attached a copy of the lease to her opening brief but failed to move for its inclusion in the record. RAP 10.3(a)(5) requires that all statements of fact must be supported by citation to the record. Because the lease is not properly before this court, we deny Heuft's request for attorney fees.

CONCLUSION
¶ 17 We hold that the lower court lacked jurisdiction over this unlawful detainer action because Truly's summons did not strictly comply with RCW 59.18.365. When a court enters judgment without jurisdiction *1282 to do so, its judgment must be vacated.[32] We vacate the trial court's judgment and award of monetary damages and attorney fees to the landlord and remand with instructions to dismiss the complaint.
WE CONCUR: SCHINDLER, A.C.J., and APPELWICK, C.J.
NOTES
[1] RCW 59.18.365 (1989). This statute was amended again by Laws of 2006, chapter 51, section 1, but the change does not affect this case. For clarity, we refer to RCW 59.18.365 (2005), the statute in effect at the time of this action, as if it were the current statute and RCW 59.18.365 (1989) as the former statute.
[2] See Laws of 2005, ch. 130, § 3 (effective July 24, 2005).
[3] Laws of 2005, ch. 130, § 3.
[4] Hous. Auth. of City of Pasco & Franklin County v. Pleasant, 126 Wash.App. 382, 387, 109 P.3d 422 (2005) (citing Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 252, 884 P.2d 592 (1994)).
[5] Id. (citing Hartson P'Ship v. Goodwin, 99 Wash. App. 227, 231, 991 P.2d 1211 (2000)).
[6] Josephinium Assocs. v. Kahli, 111 Wash.App. 617, 622, 45 P.3d 627 (2002) (quoting Snohomish County v. State, 69 Wash.App. 655, 660, 850 P.2d 546 (1993), review denied, 123 Wash.2d 1003, 868 P.2d 871 (1994)).
[7] 126 Wash.App. 382, 388, 109 P.3d 422 (2005) (citing Lochridge v. Natsuhara, 114 Wash. 326, 330, 194 P. 974 (1921)).
[8] Id. at 389, 109 P.3d 422.
[9] 111 Wash.App. 617, 622, 45 P.3d 627 (2002).
[10] 126 Wash.App. at 389, 109 P.3d 422.
[11] 99 Wash.2d 280, 284, 661 P.2d 971 (1983).
[12] Sprincin King St. Partners v. Sound Conditioning Club, Inc., 84 Wash.App. 56, 60, 925 P.2d 217 (1996).
[13] Canterwood Place L.P. v. Thande, 106 Wash. App. 844, 847, 25 P.3d 495 (2001) (citing Hous. Res. Group v. Price, 92 Wash.App. 394, 401, 958 P.2d 327 (1998), review denied, 137 Wash.2d 1010, 978 P.2d 1099 (1999)); see also Sprincin, 84 Wash.App. 56, 925 P.2d 217.
[14] Canterwood, 106 Wash.App. at 848, 25 P.3d 495 (citing Hous. Auth. v. Terry, 114 Wash.2d 558, 563, 789 P.2d 745 (1990)).
[15] 84 Wash.App. 56, 61, 925 P.2d 217 (1996) (citing Codd v. Westchester Fire Ins. Co., 14 Wash.2d 600, 605, 128 P.2d 968 (1942)).
[16] Id. at 62, 925 P.2d 217.
[17] Id.
[18] 114 Wash.2d 558, 564-65, 789 P.2d 745 (1990).
[19] 44 Wash. 202, 205, 87 P. 120 (1906).
[20] 114 Wash.2d at 564-65, 789 P.2d 745.
[21] 96 Wash.App. 636, 640 n. 1, 980 P.2d 311 (1999).
[22] See Cmty. Invs., Ltd. v. Safeway Stores, Inc., 36 Wash.App. 34, 37-38, 671 P.2d 289 (1983) (where the lease gave a commercial tenant more days to cure than the unlawful detainer statute, failure to strictly comply with the number of days in the lease resulted in a lack of subject matter jurisdiction); see also Canterwood, 106 Wash. App. at 849, 25 P.3d 495 (six calendar days to answer a summons was insufficient where the sixth day fell on a weekend).
[23] 84 Wash.App. at 62, 925 P.2d 217.
[24] 83 Wash.2d 22, 33, 515 P.2d 160 (1973).
[25] Id. at 32, 515 P.2d 160 (quoting Erz v. Reese, 157 Wash. 32, 288 P. 255 (1930)).
[26] RCW 59.18.365(3).
[27] Cmty. Invs., 36 Wash.App. at 37-38, 671 P.2d 289.
[28] Canterwood, 106 Wash.App. at 849, 25 P.3d 495.
[29] State v. Keller, 143 Wash.2d 267, 277, 19 P.3d 1030 (2001), cert. denied sub nom. Keller v. Wash., 534 U.S. 1130, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002).
[30] Canterwood, 106 Wash.App. at 850, 25 P.3d 495.
[31] Pleasant, 126 Wash.App. at 394, 109 P.3d 422.
[32] See Terry, 114 Wash.2d at 571, 789 P.2d 745.