IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

THE CITY OF SEATTLE, a Washington )     No. 79002-1-I
municipal corporation, and THE     )
SEATTLE POLICE DEPARTMENT,     )
    )
        Respondents,     )
    )
     v.     )
    )
$19,560.48 in UNITED STATES     )
CURRENCY,     )
    )
      In Rem Defendant,   )
    )     UNPUBLISHED OPINION
REBEKAH SHIN,     )
    )     FILED: March 9, 2020
    Intervening Claimant/Appellant.   )
_____ )

VERELLEN, J. — Rebekah Shin raises two due process challenges to the

forfeiture of $19,560.48 to the City of Seattle. First, she contends inaccuracies in the

notice of seizure and intended forfeiture rendered the notice inadequate. But she

fails to establish the notice was not reasonably calculated to apprise her of the

pendency of the action and afford her an opportunity to present her objections. And

she fails to establish any prejudice because after the city served notice, Shin filed a

timely claim of ownership and removed the matter to district court, where she

received a full adversarial hearing.

Second, Shin challenges the adequacy of the service of the notice. The forfeiture statute allows service by mail and does not require personal service. The city served the notice by certified mail at 77 South Washington. This is a homeless shelter with a mail receiving service. Although Shin is homeless and was living in a recreational vehicle (RV) at the time of the seizure, a diligent search showed that Shin frequently and recently used that as her mailing address. Shin provides no authority that police were compelled to give notice by telephone or trace the current location of the RV to perform personal service.

Therefore, we affirm.

## FACTS

On November 17, 2015, Detective Rudy Gonzales, an officer with the Drug Enforcement Agency on loan to the Seattle Police Department (SPD), arrested Shin for suspected violation of the uniform controlled substances act.[1] At that time, the police seized $19,560.48. On November 19, 2015, the detective gave a notice of seizure and intended forfeiture to Shin's boyfriend, Kiel Krogstadt. And on November 24, 2015, Detective Donald Hardgrove mailed the forms to Shin at the 77 South Washington address.

On December 30, 2015, Shin filed a claim with the city and then removed the matter to district court. Before trial, Shin moved for summary judgment, arguing the seizure form misstated the statutory time and manner requirements for filing a claim.

---

[1] Ch. 69.50 RCW.

Shin also challenged the service of the notice. The court denied Shin's summary judgment motion.

The district court held a full adversarial hearing on June 20, 2017. After a bench trial, the court forfeited the $19,560.48 to the city. Shin filed a timely RALJ appeal to the superior court. The superior court affirmed the district court.

Shin moved this court for discretionary review. A commissioner of this court granted review under RAP 2.3(d)(3).

## ANALYSIS

Shin contends her due process rights were violated because portions of the notice of seizure form were inconsistent with RCW 69.50.505 and because the city did not comply with the service of process requirements.

The superior court's review of a district court decision is governed by RALJ 9.1. Under RALJ 9.1(a), "[t]he superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law." With regard to factual challenges, "[t]he superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction."[2] Our review is also governed by RALJ 9.1.[3] And unchallenged findings of fact are verities on appeal.[4]

---

[2] RALJ 9.1(b).

[3] State v. Ford, 110 Wn.2d 827, 829, 755 P.2d 806 (1988).

[4] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

Here, in the order on summary judgment, the district court concluded, "The notice provided in this case satisfies constitutional due process requirements regarding notice," and "[m]isstatements made in the notice do not go to jurisdiction."[5]

After a full adversarial hearing on the intended forfeiture, the district court entered findings of facts and conclusions of law. The court found it had jurisdiction over both the subject matter and the parties pursuant to RCW 69.50.505. The court concluded, "SPD's effort to determine Shin's address were adequate and . . . SPD made a good faith search to determine her address."[6] The court also concluded, "All statutory requirements of Notice of Hearing have been satisfied . . . pursuant to RCW 69.50.505."[7] The court ordered the "defendant in rem U.S. currency shall be forfeited to the City of Seattle and the Seattle Police Department."[8]

Shin filed a timely RALJ appeal to the superior court. The superior court affirmed the district court. The court determined Shin "failed to carry the burden of showing that the trial court's Findings of Facts are not supported by substantial evidence."[9] The court determined there was no violation of due process.

Before the superior court, Shin did not challenge the district court's finding that Detective Hardgrove mailed notice to 77 South Washington. The court determined the detective performed an adequate address search and the service of process requirements were satisfied when the detective mailed the notice. And as to the

---

[5] Appellant's Motion for Discretionary Review, Appendix at 26.

[6] Appendix at 35.

[7] Appendix at 33.

[8] Appendix at 36.

[9] Clerk's Papers (CP) at 571.

4

notice form, the court concluded "the inconsistencies . . . do not invalidate the due process and notice requirement under RCW 69.50.505 [and t]he inconsistencies did not deprive Ms. Shin of notice and the opportunity to be heard."[10]

First, Shin argues the district court and subsequently, the superior court, did not have the "authority to render judgment" because the form "materially misstated the statutory 'time-and-manner' requirements."[11] The city concedes there are discrepancies between the notice form and RCW 69.50.505 but argues these inconsistencies do not amount to a due process violation.

Here, the form provides (1) a claimant must send a claim of ownership "via certified mail," (2) the time period for filing a claim starts on "the date that the property was seized," and (3) a claim of ownership "must be received by the Seattle Police Department within 45 days" of the seizure.[12] In contrast, the statute provides (1) a claimant may serve a claim of ownership "by any method authorized by law or court rule including, but not limited to, service by first-class mail," (2) the time period for filing a claim starts upon "service of the notice of seizure in the case," and (3) a claim of ownership, if served by mail, "shall be deemed complete upon mailing."[13]

The United States Constitution and the Washington Constitution guarantee an individual's right to due process.[14] "[D]ue process generally affords an individual

---

[10] Appendix at 42 (finding 5).

[11] Appellant's Br. at 21, 19.

[12] Appendix at 10.

[13] RCW 69.50.505(5).

[14] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S. Ct. 652, 94 L. Ed. 865 (1950); Yim v. City of Seattle, 194 Wn.2d 682, 688, 451 P.3d 694 (2019).

notice and an opportunity to be heard when the government deprives the individual of a life, liberty, or property interest."[15]  Although the State concedes some details in the form were inconsistent with the statute, not every defect constitutes a denial of due process; "minor procedural errors do not necessarily rise to the level of due process violations."[16]

In State v. Storhoff, the Department of Licensing (DOL) sent each defendant a written notice of license revocation.[17]  Subsequently, the State charged each defendant with driving while license suspended.  The defendants argued the notice violated their right to due process because it misstated the time to request a hearing.  Our Supreme Court determined:

> To establish a violation of due process, Defendants must at least allege that the incorrect DOL revocation notices deprived them of notice and/or an opportunity to be heard.  But the Defendants . . . have not explained how DOL's error deprived them of notice of their license revocations or their opportunity to request a formal hearing.  Furthermore, due process does not require express notification of the deadline for requesting a formal hearing as long as the order of revocation cites the statute that contains the applicable time limit.[18]

The court held the notices did not violate the defendants' due process rights "[i]n the absence of any suggestion that the erroneous DOL revocation notices deprived Defendants of notice or an opportunity to be heard."[19]

---

[15] Tellevik v. Real Property Known as 31641 W. Rutherford St. Located in City of Carnation, Wash., 125 Wn.2d 364, 370-71, 884 P.2d 1319 (1994).

[16] State v. Storhoff, 133 Wn.2d 523, 527, 946 P.2d 783 (1997).

[17] 133 Wn.2d 523, 526, 946 P.2d 783 (1997).

[18] Id. at 527-28 (internal citation omitted).

[19] Id. at 528.

Similar to Storhoff, Shin fails to explain how the discrepancies in the notice of seizure form deprived her of notice and/or an opportunity to be heard. Rather, Shin argues a forfeiture is a "special proceeding" subject to heightened due process protection.[20] She cites Putnam v. Wenatchee Valley Medical Center, P.S.[21] for the proposition that "[a]ll purely statutory actions are 'special proceedings,' deserving of heightened due process protection."[22] In Putnam, our Supreme Court considered whether medical malpractice proceedings are special proceedings and therefore exempt from certain civil rules. Even if a forfeiture action is a special proceeding, Shin fails to provide any authority to support her proposition that all special proceedings are subject to heightened due process protection. Putnam addresses the application of the civil rules to special proceedings and does not mention heightened due process protection.

Shin also relies on Truly v. Heuft[23] to argue "[a] tribunal does not have the authority to render judgment in a special proceeding unless the notices, summonses, and similar methods of process strictly complied with the statute."[24] In Truly, the landlord, Truly, brought a residential unlawful detainer action against his tenant, Heuft, for nonpayment of rent. The residential unlawful detainer statute required the

---

[20] Appellant's Br. at 20.

[21] 166 Wn.2d 974, 216 P.3d 374 (2009).

[22] Appellant's Br. at 20.

[23] 138 Wn. App. 913, 158 P.3d 1276 (2007), abrogated by MHM & F, LLC v. Pryor, 168 Wn. App. 451, 277 P.3d 62 (2012).

[24] Appellant's Br. at 21.

plaintiff to allow the defendant to answer by personal delivery, mail, or fax.[25] In Truly, the summons did not comply with these statutory requirements. This court acknowledged the case presented an issue of first impression, "whether a court has jurisdiction to enter judgment in a residential unlawful detainer action when the plaintiff-landlord fails to use [the unlawful detainer statute] summons language allowing a defendant-tenant to answer not only by personal delivery but also by mail or facsimile."[26]

Ultimately, this court held that "the lower court lacked jurisdiction over this unlawful detainer action because the summons did not strictly comply with [the unlawful detainer statute]."[27] In part, the court relied on case law that provided "[i]n the context of a residential unlawful detainer action, the summons must comply with the [unlawful detainer statute] to confer both personal and subject matter jurisdiction."[28] The court determined a tenant's available method of answering a summons was a "manner requirement," and as a result, "required strict compliance."[29]

Shin's analogy to the unlawful detainer statute is not compelling. The details of how and when to file a claim of ownership, under the forfeiture statute, are not the equivalent of the strict jurisdictional statutory summons dictated by the unlawful detainer statute and accompanying case law. Although forfeiture is purely

---

[25] Truly, 138 Wn. App. at 916 (citing LAWS OF 2005, ch. 130, § 3).
[26] Id. at 918.
[27] Id. at 923.
[28] Id. at 918 (emphasis added).
[29] Id. at 920-21.

statutory,[30] Shin fails to establish the jurisdiction rule from Truly extends to a forfeiture proceeding. Shin does not establish the district court lacked the authority to render judgment.

We do not condone the city's failure to update the seizure form to comply with the 2009 amendments to RCW 69.50.505. When the city served Shin in this case, six years had passed since the legislature enacted the amendments. Using forms consistent with the statute is not an undue burden. But on this briefing, Shin fails to establish that the discrepancies in the notice of seizure form deprived her of notice and/or an opportunity to be heard.

And even if the discrepancies in the notice form constituted a due process violation, other cases recognize the need for prejudice. In State v. Getty, the 17-year-old defendant was arrested, and the arresting officer issued an adult "Citation/Complaint Form."[31] The officer sent the citation to juvenile court. Several months later, the State filed an information in juvenile court, charging Getty with first degree malicious mischief. Getty moved to dismiss, arguing the initial adult citation commenced an action in Renton municipal court and the subsequent information initiated an action in King County juvenile court, in violation of double jeopardy.

This court acknowledged that "even if the use of the adult form constituted a violation of Getty's due process rights, dismissal is inappropriate because Getty suffered no prejudice" because the municipal court did not attempt to proceed on the

---

[30] State v. Alaway, 64 Wn. App. 796, 799-801, 828 P.2d 591 (1992).
[31] 55 Wn. App. 152, 153, 777 P.2d 1 (1989).

adult citation.[32] "Under the harmless error theory, a violation of Getty's constitutional rights does not warrant dismissal if the State proves beyond a reasonable doubt that the violation did not prejudice Getty."[33]

Here, Detective Gonzales arrested Shin on November 17, 2015. At that time, the police seized $19,560.48. On November 19, 2015, the detective gave a notice of seizure and intended forfeiture to Krogstadt, Shin's boyfriend. On November 24, 2015, Detective Hardgrove mailed the notice to Shin at her last known mailing address. Additionally, Shin's attorney testified:

> I send out public disclosure requests regularly to law enforcement agencies all across the state. And I pick and choose ones that I want to work on and write letters and asked them, hey, if you don't have counsel, I'd love to help. And that's what I did with her. And she called me by phone and said, "Absolutely. I have been calling attorneys, and nobody wants to take this case."[34]

The parties dispute how Shin received the notice, but the record reflects Shin had notice of the pending forfeiture no later than December 30, 2015.[35] On that date, Shin filed a timely claim with the city and then removed the matter to district court. The district court held a full adversarial hearing on June 20, 2017. Under the harmless error theory, dismissal of the forfeiture is not warranted because any defect in the notice form did not prejudice Shin. Shin fails to establish that inaccuracies in the form warrant any relief on appeal.

---

[32] Id. at 155.

[33] Id. at 155-56.

[34] CP at 452-53 (emphasis added).

[35] Appendix at 33 (finding 28) ("When Morelli contacted Shin, Shin was already aware that the defendant in rem property had been seized.") Shin does not challenge this finding.

Second, Shin argues her due process rights were violated because the city failed to "attempt in good faith or with due diligence to ascertain Ms. Shin's current mailing address prior to mailing out its [notice]."[36]

Due process requires notice that is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[37] Additionally, service of process must comply with statutory service requirements.[38] Under RCW 69.50.505(3), notice of seizure of personal property "may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested."

Here, on November 24, 2015, Detective Hardgrove mailed the notice of seizure and intended forfeiture to Shin by certified mail at 77 South Washington,[39] which is the address of a homeless shelter with a mail acceptance service. Before mailing the notice forms, Detective Hardgrove checked the general offense report, the SPD records management system, and a current car registration for Shin. All of those sources listed her address as 77 South Washington.

---

[36] Appellant's Br. at 26.

[37] Bruett v. Real Property Known As 18328 11th Ave. N.E., 93 Wn. App. 290, 298, 968 P.2d 913 (1998) (quoting Mullane, 339 U.S. at 314).

[38] Id. at 299 (quoting Weiss v. Glemp, 127 Wn.2d 726, 734, 903 P.2d 455 (1995)).

[39] Appendix at 32 (finding 24) ("On November 24, 2015, Detective Donald Hardgrove sent two notices of seizure and intended forfeiture to Rebekah Shin by both certified and regular mail; one notice was for the $19,560 seizure . . . . Detective Hardgrove sent the notices to the address of 77 South Washington Street.") Shin does not challenge this finding.

Shin does not dispute these facts and argues, in order to comply with RCW 69.50.505, Detective Hardgrove was required to search further, including DOL records. But Shin does not provide any authority or meaningful argument to support this proposition. And notably, there is no evidence in the record that the address in DOL records was in fact a valid mailing address for Shin when the forfeiture was commenced. Although mailing the notice to an outdated residential address may not be reasonably calculated to give notice to a homeless person in some circumstances, SPD's mailing to the address identified by Shin frequently and recently is reasonably calculated to give her notice. Detective Hardgrove's diligent inquiry and subsequent certified mailing was sufficient to satisfy due process and the service of process requirements of RCW 69.50.505(3).

To the extent Shin suggests the city should have personally served or attempted to contact her by telephone, RCW 69.50.505(3) does not require personal service or telephone notice.[40] The city was aware Shin slept in an RV parked at various locations along a city street, and the city had Shin's telephone number. However, that information does not mean that sending the notices by mail, as provided for in RCW 69.50.505(3), to the mailing address Shin frequently and recently used was not reasonably calculated to give Shin notice of the forfeiture proceeding.

We conclude Shin's due process rights were not violated.

---

[40] It is undisputed Detective Gonzales left a second set of forms addressed to Shin with Shin's boyfriend and directed him to give the documents to Shin. Because the city clarified on RALJ appeal that it was not relying on the delivery of the notice to the boyfriend addressed to Shin, we do not address the impact of that delivery.

Shin requests fees on appeal under RCW 69.50.505(6). The statute allows for an award of reasonable attorney fees "where the claimant substantially prevails." Because Shin has not prevailed on appeal, we deny her request for fees.

Therefore, we affirm.

WE CONCUR: