IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE CITY OF SEATTLE, a Washington ) <br> municipal corporation, and THE ) <br> SEATTLE POLICE DEPARTMENT, ) <br> ) <br> Respondents, ) <br> ) <br> v. ) <br> ) <br> $43,697.18 in UNITED STATES ) <br> CURRENCY, ) <br> ) <br> In Rem Defendant, ) <br> ) <br> REBEKAH SHIN, ) <br> ) <br> Intervening Claimant/Appellant. ) <br> _____ ) | No. 79902-9-I <br><br><br><br><br><br><br><br><br><br> UNPUBLISHED OPINION <br><br> FILED: March 9, 2020 |

VERELLEN, J. — Here, a convoluted procedural history clouds the core issue whether Rebekah Shin timely filed her claim to the $43,697.18 that is the subject of this forfeiture. Specifically, Shin raises due process challenges to deficiencies in the City of Seattle's notice of seizure and intended forfeiture and to the adequacy of the city's service of the notice. Shin contends that the deadline for her claim did not begin to run because of those due process violations and asks this court to address the timeliness of her claim. We do not need to untangle the procedural snags because the undisputed facts and

governing law reflect that the city gave Shin adequate notice of the forfeiture, she did not timely file her claim, and, as a result, her challenges to the forfeiture of the $43,697.18 necessarily fail.

Therefore, we affirm.

## FACTS

The procedural history of this case is complex with overlapping actions on the "agency track" and "removal track." The agency track includes proceedings before the agency hearing examiner and the superior court's review of the hearing examiner's rulings under the Washington Administrative Procedure Act (WAPA).[1] The removal track consists of proceedings before the district court, after Shin purported to remove the forfeiture from the agency, and Shin's appeal of the district court's rulings to the superior court under rules governing appeals from courts of lower jurisdiction.

On November 24, 2015,[2] Detective Rudy Gonzales, an officer with the Drug Enforcement Agency on loan to the Seattle Police Department (SPD), arrested Shin for suspected violation of the uniform controlled substances act.[3] At that time, the police seized $43,697.18.

---

[1] Ch. 34.05 RCW.

[2] Shin moved to correct certain dates in the commissioner's ruling granting discretionary review. This opinion uses the dates supported by the record; there is no need for further correction.

[3] Ch. 69.50 RCW.

2

On November 25, 2015, Detective Gonzales served a copy of the notice of seizure and intended forfeiture at the recreational vehicle (RV) where Shin lived with her boyfriend, Kiel Krogstadt. Detective Gonzales told Krogstadt to give the form to Shin. And on November 30, Detective Donald Hardgrove mailed the notice form to Shin at 77 South Washington. On February 8, 2016, Shin filed a claim with the city. And on March 24, 2016, Shin filed her petition to remove the case to district court. Shin served the petition for removal on the district court and the city.

On April 13, 2016, the hearing examiner issued an automatic forfeiture order. At a conference prior to the hearing, Shin argued that she perfected and satisfied all the requirements to remove the matter to district court. Shin argued because the matter had been removed to district court, "no further action should be taken by the agency . . . because the agency is now without jurisdiction."[4] On the agency track, on April 21, 2016, Shin moved to vacate the hearing examiner's order. Shin asked the hearing examiner "to vacate the April 13, 2016 order of forfeiture as void and effect removal of the matter to district court."[5]

On May 16, 2016, the hearing examiner denied Shin's motion to vacate. The examiner reasoned Shin's "failure to file [her claim] within the 45-day

---

[4] Declaration of Gabriella Sanders in Support of Respondent's Motion to Supplement the Record (Dec. 3, 2017) Ex. A at 12.

[5] Id. Ex. B at 41.

statutory period means that the property was forfeit as of January 15, 2015," and determined "[a]ctions taken thereafter by either of the parties did not change the fact that on that date, [Shin's] interest, if any, was extinguished by her failure to make a timely claim."[6]

Shin filed a petition for review under the WAPA, asking the superior court to review the hearing examiner's automatic forfeiture order, arguing the forfeiture order was void. On March 28, 2017, the superior court remanded to the hearing examiner for fact finding. The superior court determined the hearing examiner "'had an obligation to make a factual determination based on sworn testimony as to whether service was proper.'"[7] The court also ruled that "'assuming proper service, if the claim was untimely, the case could not be removed to [d]istrict [c]ourt.'"[8]

On the removal track, Shin moved the district court for default judgment. In response, the city moved to dismiss for lack of jurisdiction. On April 10 and 11, 2017, the district court heard argument on the motions. On April 25, 2017, the district court stayed the case pending "any further orders or determinations."[9]

---

[6] Id. Ex. C at 70.

[7] Resp't's Br. at 10.

[8] Id.

[9] City of Seattle Answer In Opposition to Petitioner's Motion for Discretionary Review, Appendix at 17-18.

On April 26, 2017, the hearing examiner held a fact-finding hearing on whether service was proper. Shin did not appear. On July 11, 2017, the hearing examiner issued its findings of fact and conclusions of law. The hearing examiner concluded Shin received proper and actual notice but she failed to make a timely claim. The hearing examiner's findings and conclusions stated Shin had 10 days to move for reconsideration and 30 days to petition the superior court for review. Shin did not move for reconsideration or petition the superior court.

On May 24, 2018, the district court entered an order dismissing the case. Shin filed a superior court appeal of the district court's dismissal. On April 9, 2019, the superior court denied Shin's appeal. Shin moved this court for discretionary review. A commissioner of this court granted review under RAP 2.3(d)(3).[10]

## ANALYSIS

### I. Timeliness of Claim

Much of the briefing focuses on the effect and validity of Shin's March 24, 2016 petition for removal and how that relates to the timeliness of her claim of ownership.

---

[10] The record on discretionary review includes evidence that other jurisdictions in Washington continue to use forfeiture form documents that are inconsistent with the forfeiture statute. The merits of this appeal do not require any consideration of those documents.

Under the forfeiture statute, "[i]f any person notifies the seizing law enforcement agency . . . of the person's claim of ownership . . . within forty-five days of the service of notice from the seizing agency in the case of personal property . . . the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right."[11] Following a timely claim of ownership, the hearing "shall be before the chief law enforcement officer of the seizing agency." The claimant also has the right to "remove the matter to a court of competent jurisdiction."[12] To accomplish removal, the claimant must comply with "the rules of civil procedure."[13] Specifically, the claimant must serve the petition for removal on the seizing agency and any other interested party.

The forfeiture statute's reference to the "rules of civil procedure" appears to include chapter 4.14 RCW, which governs removal from district court ("justice court") to superior court. Under RCW 4.14.020(1),

> A defendant or defendants desiring to remove any civil action from a justice court as authorized by RCW 4.14.010 shall file in the superior court in the county where such action is pending, a verified petition containing a short and plain statement of the facts which entitle him, her, or them to removal together with a copy of all process, pleadings, and orders served upon him, her, or them in such action.

---

[11] RCW 69.50.505(5).

[12] Id.

[13] Id.

Additionally, "[p]romptly after the filing of such petition the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the justice court."[14]

RCW 4.14.030 provides:

In any case removed from justice court under the provisions of this chapter, the superior court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the justice court or otherwise.

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the superior court shall remand the case to the justice court. The justice court may thereupon proceed with such case.

We note the district court's findings in the order staying the proceeding and in the order of dismissal and the subsequent findings of the superior court on appeal appear to be inconsistent with chapter 4.14 RCW. In the order staying the proceeding, the district court found:

g. [The superior court] made an informed decision to remand the case to the SPD hearing examiner, rather than to District Court;

h. [The superior court's] decision inherently determined that removal was ineffective because authority to remove did not exist due to an untimely claim, and that a timely claim was a condition precedent for removal;

i. This court does not have the authority to decide factual or legal issues for this case; nor does the court have the authority to dismiss.[15]

---

[14] RCW 4.14.020(3).

[15] City of Seattle Answer In Opposition to Petitioner's Motion for Discretionary Review, Appendix at 18.

And in the order of dismissal, the district court found:

    a) [The superior court's] decision inherently determined that removal was ineffective because authority to remove did not exist due to an untimely claim, and that a timely claim was a condition precedent for removal;

    b) The hearing examiner, on remand from the Superior Court, found that Claimant received proper and timely notice;

    c) Claimant did not appeal from the hearing [examiner's factual determinations];

    d) This court does not have the authority to decide factual or legal issues for this case or legal jurisdiction to address the issues due to [the] procedural posture in the case.[16]

In the order on appeal, the superior court found the district court did not err in staying the proceeding on April 25, 2017, and that the district court "correctly deferred to [the superior court's[17]] decision as the appellate court in determining that removal was ineffective if the Hearing Examiner correctly determined that Ms. Shin's property claim was untimely and that a timely claim was a condition precedent for removal."[18] The court noted: "In some respects, it is surprising that this matter is before this Court under this cause number, as the issues presented in this appeal could have or should have been raised under the previously filed [superior court case.]."[19] The court also ruled:

---

[16] Order Striking Hearing and Dismissing Case (May 14, 2018) at 2.

[17] This refers to the superior court's review under the WAPA of the hearing examiner's decision on the agency track.

[18] Clerk's Papers at 12-13.

[19] Id. at 13.

As to Ms. Shin's claim with regard to proper form of notice, this Court makes no finding. Per the record provided, form of notice was not addressed in King County District Court, and the parties have indicated that Division One of the Washington Court of Appeals has accepted discretionary review on that issue arising from another claim filed by Ms. Shin.[20]

It appears the district court and the superior court, on the removal track, confused the authority of the superior court when acting as the reviewer of the hearing examiner's determination, on the agency track, and the authority of the superior court conducting appeal of the district court's determination, on the removal track.

The issues briefed in this appeal all relate to the timeliness of Shin's claim of ownership. Specifically, whether removal was valid, whether decisions by the agency hearing examiner after the purported removal were void for purposes of res judicata and whether the district court and the superior court on appeal on the removal track incorrectly deferred to the hearing examiner and the superior court on WAPA review on the agency track all turn on the timeliness of Shin's claim.

However, we need not unravel these procedural knots. Ultimately, the dispositive question is whether Shin's claim was timely. Our resolution of this question turns on Shin's arguments that the notice form and the city's method of service did not comply with due process requirements. Notably, in her briefing in this court, Shin asks this court to resolve whether her claim was timely filed.

---

[20] Id.

She argues the notice form "misstates the law regarding the time-and-manner requirements . . . for submitting a claim," the form notice was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," and that the city's method of service "was not reasonably calculated, under all the circumstances, to provide her . . . a reasonable opportunity to be heard."[21]

If Shin received proper notice and service, then her failure to file a timely claim is fatal to her appeal. And if her claim was untimely, her challenge to the forfeiture and request for return of the property necessarily fails. In this setting, we go directly to Shin's dispositive challenges to the adequacy of notice and service.

Shin was arrested on November 24, 2015. SPD seized $43,697.18. Under RCW 69.50.505(3), proceedings for forfeiture are commenced by the seizure, and the seizing agency must serve the notice of seizure within 15 days. Detective Hardgrove mailed the forms to Shin on November 30, 2015. The forfeiture statute provides a person has a right to a forfeiture hearing if they serve the seizing agency with a claim of ownership within 45 days of service of the notice of seizure from the seizing agency.[22] Shin did not file a claim until

---

[21] Petitioner's Opening Br. at 46, 48 (internal quotation marks omitted).
[22] RCW 69.50.505(5).

10

February 8, 2016, 70 days after SPD served the notice of seizure. Shin filed a petition for removal on March 24, 2016.

The city argues Shin's claim of ownership was untimely and, as a result, the cash "shall be deemed forfeited."[23] Relying on due process requirements, Shin argues her claim was not untimely because the 45-day window did not start on November 30, 2015 because of due process defects. Specifically, she contends the notice form was inconsistent with RCW 69.50.505, in violation of due process, and the city failed to properly serve Shin in violation of due process.

First, Shin argues the notice form violated due process because it "misstate[d] the time-and-manner requirements for submitting a claim."[24] Here, the form provides (1) a claimant must send a claim of ownership "via certified mail," (2) the time period for filing a claim starts on "the date that the property was seized," and (3) a claim of ownership "must be received by the Seattle Police Department within 45 days" of the seizure.[25] In contrast, the statute provides (1) a claimant may serve a claim of ownership "by any method

---

[23] RCW 69.50.505(4) ("If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of items . . . within forty-five days of the service of notice from the seizing agency in the case of personal property . . . the item seized shall be deemed forfeited.").

[24] Petitioner's s Opening Br. at 45.

[25] City of Seattle Answer In Opposition to Petitioner's Motion for Discretionary Review, Appendix at 1.

authorized by law or court rule including, but not limited to, service by first-class mail," (2) the time period for filing a claim starts upon "service of the notice of seizure in the case," and (3) a claim of ownership, if served by mail, "shall be deemed complete upon mailing."[26]

The United States Constitution and the Washington Constitution guarantee an individual's right to due process.[27] Due process generally includes notice and an opportunity to be heard.[28] However, "minor procedural errors do not necessarily rise to the level of due process violations."[29]

In State v. Storhoff, the Department of Licensing (DOL) sent each defendant a written notice of license revocation.[30] Subsequently, the State charged each defendant with driving while license suspended. The defendants argued the notice violated their right to due process because it misstated the time to request a hearing. Our Supreme Court determined:

> To establish a violation of due process, Defendants must at least allege that the incorrect DOL revocation notices deprived them of notice and/or an opportunity to be heard. But the Defendants . . . have not explained how DOL's error deprived them of notice of their license revocations or their opportunity to request a formal hearing. Furthermore, due process does not require express notification of the deadline for requesting a formal hearing as long

---

[26] RCW 69.50.505(5).

[27] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S. Ct. 652, 94 L. Ed. 865 (1950); Yim v. City of Seattle, 194 Wn.2d 682, 688, 451 P.3d 694 (2019).

[28] Tellevik v. Real Property Known as 31641 W. Rutherford St. Located in City of Carnation, Wash., 125 Wn.2d 364, 370-71, 884 P.2d 1319 (1994).

[29] State v. Storhoff, 133 Wn.2d 523, 527, 946 P.2d 783 (1997).

[30] 133 Wn.2d 523, 946 P.2d 783 (1997).

as the order of revocation cites the statute that contains the applicable time limit.[31]

The court held the notices did not violate the defendants' due process rights "[i]n the absence of any suggestion that the erroneous DOL revocation notices deprived Defendants of notice or an opportunity to be heard."[32]

Similar to Storhoff, Shin fails to explain how the discrepancies in the notice of seizure form deprived her of notice and/or an opportunity to be heard. Rather, Shin argues a forfeiture is a "special proceeding" subject to heightened due process protection,[33] citing Putnam v. Wenatchee Valley Medical Center, P.S.[34] In Putnam, our Supreme Court considered whether medical malpractice proceedings are special proceedings and therefore exempt from certain civil rules. Even if a forfeiture action is a special proceeding, Shin fails to provide any authority to support her proposition that all special proceedings are subject to heightened due process protection. Putnam addresses the application of the civil rules to special proceedings and does not mention heightened due process protection.

Shin also relies on Truly v. Heuft[35] to argue "[n]o tribunal, whether agency or court, has authority to order property forfeited unless the seizing

---

[31] Id. at 527-28 (internal citation omitted).

[32] Id. at 528.

[33] Petitioner's Opening Br. at 32.

[34] 166 Wn.2d 974, 981, 216 P.3d 374 (2009).

[35] 138 Wn. App. 913, 158 P.3d 1276 (2007), abrogated by MHM & F, LLC v. Pryor, 168 Wn. App. 451, 277 P.3d 62 (2012).

13

agency first provided timely, accurate, and complete notice" consistent with RCW 69.50.505.[36] In Truly, the landlord, Truly, brought a residential unlawful detainer action against his tenant, Heuft, for nonpayment of rent. The residential unlawful detainer statute required the plaintiff to allow the defendant to answer by personal delivery, mail, or fax.[37] In Truly, the summons did not comply with these statutory requirements. This court acknowledged the case presented an issue of first impression, "whether a court has jurisdiction to enter judgment in a residential unlawful detainer action when the plaintiff-landlord fails to use [the unlawful detainer statute] summons language allowing a defendant-tenant to answer not only by personal delivery but also by mail or facsimile."[38]

Ultimately, this court held "that the lower court lacked jurisdiction over this unlawful detainer action because the summons did not strictly comply with [the unlawful detainer statute]."[39] In part, the court relied on case law that provided "[i]n the context of a residential unlawful detainer action, the summons must comply with the [unlawful detainer statute] to confer both personal and subject matter jurisdiction."[40] The court determined a tenant's available method

---

[36] Petitioner's Opening Br. at 22.

[37] Truly, 138 Wn. App. at 916 (citing LAWS OF 2005, ch. 130, § 3).

[38] Id. at 918.

[39] Id. at 923.

[40] Id. at 918 (emphasis added).

14

of answering a summons was a "manner requirement" and as a result, "required strict compliance."[41]

Shin's analogy to the unlawful detainer statute is not compelling. The details of how and when to file a claim of ownership, under the forfeiture statute, are not the equivalent of the strict jurisdictional statutory summons dictated by the unlawful detainer statute and accompanying case law. Although forfeiture is purely statutory,[42] Shin fails to establish the jurisdiction rule from Truly extends to a forfeiture proceeding. Shin does not establish the district court lacked the authority to render judgment.

We do not condone the city's failure to update the seizure form to comply with the 2009 amendments to RCW 69.50.505. When the city served Shin in this case, six years had passed since the legislature enacted the amendments. Using forms consistent with the statute is not an undue burden. But on this briefing, Shin fails to establish that the discrepancies in the notice of seizure form deprived her of notice and/or an opportunity to be heard.

Second, Shin contends the city's method of service "was not reasonably calculated, under all the circumstances, to provide Ms. Shin her statutory and constitutional right to a reasonable opportunity to be heard."[43]

---

[41] Id. at 920-21.

[42] State v. Alaway, 64 Wn. App. 796, 799-801, 828 P.2d 591 (1992).

[43] Petitioner's Br. at 48.

15

Due process requires notice that is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[44] Additionally, service of process must comply with statutory service requirements.[45] Under RCW 69.50.505(3), notice of seizure of personal property "may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested."

On November 30, 2015, Detective Hardgrove mailed the notice of seizure and intended forfeiture to Shin by certified mail at 77 South Washington, which is the address of a homeless shelter with a mail acceptance service. Shin used this address frequently, and it was listed on her recent vehicle registration.

Shin does not dispute these facts and suggests, in order to comply with RCW 69.50.505, Detective Hardgrove was required to search further, including DOL records. But Shin does not provide any authority or meaningful argument to support this proposition. And notably, there is no evidence in the record that the address in DOL records was in fact a valid mailing address for Shin when the forfeiture was commenced. Although mailing the notice to an outdated residential address may not be reasonably calculated to give notice to a

_____

[44] Bruett v. Real Property Known As 18328 11th Ave. N.E., 93 Wn. App. 290, 298, 968 P.2d 913 (1998) (quoting Mullane, 339 U.S. at 314).

[45] Id. at 299 (quoting Weiss v. Glemp, 127 Wn.2d 726, 734, 903 P.2d 455 (1995)).

16

homeless person in some circumstances, SPD's mailing to the address identified by Shin frequently and recently is reasonably calculated to give her notice.

Additionally, Shin suggests that the city should have personally served or attempted to contact her by phone, but RCW 69.50.505(3) does not require personal service or telephone notice. And, even assuming the RV was the equivalent of Shin's residence for purposes of service, on November 25, 2015, Detective Gonzales went to the RV and handed the seizure forms to Shin's boyfriend, Kiel Krogstadt, who lived with Shin.[46] Detective Gonzales told Krogstadt to give the forms to Shin. Even under Shin's personal service argument, the city provided the equivalent of valid substitute service by leaving the notice addressed to Shin with a person of suitable age and discretion at Shin's "residence."

Shin's due process rights were not violated. Even giving Shin the benefit of the later date of service, Shin filed her claim of ownership outside the 45-day window. Because Shin received adequate notice and because she failed to file a timely claim of ownership, under RCW 69.50.505(3), Shin's right to the property expired prior to her claim on February 8, 2016 and her petition for removal on March 24, 2016.

---

[46] See Petitioner's Opening Br. at 46-47 ("City of Seattle Detective Gonzales knew Ms. Shin was [h]omeless and slept in an RV that was long-term parked on 6th Ave S, in Seattle. The Detective took the time to serve Mr. Krogstadt, making a personal trip to the RV to do so.").

We can affirm the superior court on the alternative ground that Shin did not file a timely claim because that ground is supported by the record on appeal.[47] In her briefing, Shin invites us to address her due process challenges to the notice form and the method of service. Because those claims fail, she did not timely file her claim of ownership, and her challenge to the forfeiture necessarily fails.

II. Fees on Appeal

Shin requests fees on appeal under RCW 69.50.505(6). The statute allows for an award of reasonable attorney fees "where the claimant substantially prevails." Because Shin has not prevailed on appeal, we deny her request for fees.

Therefore, we affirm.

_____

WE CONCUR:

_____            _____

---

[47] State v. Torres, 151 Wn. App. 378, 389, 212 P.3d 573 (2009) ("We may affirm on any basis supported by the record.").